UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Robert B. Kugler, U.S.D.J. |
| | : | |
| v. | : | |
| | : | Crim. No. 22-35 (RBK) |
| KAIVAL PATEL | : | |

---

### BRIEF OF THE UNITED STATES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT ONE, OR IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS

---

PHILIP R. SELLINGER
United States Attorney
401 Market Street
Camden, New Jersey 08101
(856) 757-5026


<u>On the Memorandum</u>:
R. David Walk, Jr.
Daniel A. Friedman
DeNae M. Thomas
Assistant United States Attorneys

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ............................................................................................. ii

PRELIMINARY STATEMENT ......................................................................................1

ARGUMENT ..................................................................................................................1

   I.   COUNT ONE ALLEGES A SINGLE CONSPIRACY AND SHOULD NOT BE
       DISMISSED. ........................................................................................................1

   II.  COUNT ONE IS NOT VAGUE OR CONFUSING. ..........................................5

   III. DEFENDANT'S MOTION FOR A BILL OF PARTICULARS SHOULD BE DENIED.7

      A.    A Bill of Particulars is Unwarranted Because the Indictment and Discovery Give
           the Defendant Ample Information. ...........................................................7

      B.    Defendant's Individual Requests. .............................................................10

   IV. THE DEFENDANT SHOULD BE ORDERED TO PRODUCE RECIPROCAL
       DISCOVERY AND PRIOR DEFENSE WITNESS STATEMENTS. ............................12

CONCLUSION...............................................................................................................13

i

# **TABLE OF AUTHORITIES**

## **Cases**

*Braverman v. United States*, 317 U.S. 49 (1942)...........................................................................3

*United States v. Addonizio*, 451 F.2d 49 (3d Cir. 1971) ................................................................8

United States v. Advantage Med. Transp., Inc., 751 F. App'x 258 (3d Cir. 2018) ......................1

*United States v. Atwell*, 2015 WL 2092687 (D.N.J. May 5, 2015); ............................................10

*United States v. Bellomo*, 263 F. Supp. 2d 561 (E.D.N.Y. 2003)..................................................8

*United States v. Bergrin*, 650 F.3d 257 (3d Cir. 2011)..................................................................2

*United States v. Capener*, 2006 WL 8429828 (D. Nev. Sept. 22, 2006). .....................................6

*United States v. Caruso*, 948 F. Supp. 382 (D.N.J. 1996). ...........................................................9

*United States v. Chalhoub*, 2018 WL 9802145 (E.D.Ky. Feb. 16, 2018) .....................................6

*United States v. Chartock*, 283 F. App'x 948 (3d Cir. 2008) ........................................................6

*United States v. Coffey*, 361 F. Supp. 2d 102 (E.D.N.Y. 2005)..................................................11

*United States v. Cook*, 2018 WL 1744682 (M.D. Pa. April 11, 2018) ........................................10

*United States v. Delle Donna*, 552 F. Supp. 2d 475 (D.N.J. 2008) .............................................10

*United States v. Depiro*, 2013 WL 663303 (D.N.J. Feb. 20, 2013)..............................................10

*United States v. Hornick*, 491 F. App'x 277 (3d Cir. 2012) ..........................................................2

*United States v. Huet*, 665 F.3d 588 (3d Cir. 2012)...................................................................1, 2

*United States v. Kelly*, 892 F.2d 255 (3d Cir. 1989).....................................................................2

*United States v. Kemp*, 500 F.3d 257 (3d Cir. 2007) ....................................................................6

*United States v. Kenny*, 462 F.2d 1205 (3d Cir. 1972). ................................................................8

*United States v. Knight*, 2013 WL 3367259 (E.D.Pa. July 3, 2013)...........................................10

*United States v. Lacerda*, 2013 WL 3177814 (D.N.J. June 19, 2013) ..........................................9

*United States v. McLean*, 715 F.3d 129 (4th Cir. 2013) ...............................................................6

*United States v. Med 1st*, 2017 WL 4848823 (W.D.Ky. Oct. 26, 2017) .......................................6

*United States v. Morrow*, 717 F .2d 800 (3d Cir.1983) .................................................................3

*United States v. Moyer*, 674 F.3d 192 (3d Cir. 2012)....................................................................8

*United States v. Reyes*, 930 F.2d 310 (3d Cir. 1991).....................................................................3

*United States v. Rosa*, 891 F.2d 1063 (3d Cir. 1989) ...................................................................7

*United States v. Sampson*, 2012 WL 214707 (M.D. Pa. Jan. 24, 2012) ........................................ 10

*United States v. Smith*, 776 F.2d 1104 (3d Cir. 1985) ................................................................. 7

*United States v. Smith*, 789 F.2d 196 (3d Cir. 1986) ................................................................... 5

*United States v. Sourlis*, 953 F. Supp. 568 (D.N.J. 1996)........................................................... 2

*United States v. Starks*, 515 F.2d 112 (3d Cir.1975) .................................................................. 2

*United States v. Stevenson*, 832 F.3d 412 (3d Cir. 2016) ........................................................... 1

*United States v. Urban*, 404 F.3d 754 (3d Cir. 2005)................................................................. 7

*United States v. Willis*, 844 F.3d 155 (3d Cir. 2016). ................................................................. 1

*United States v. Zolp*, 659 F. Supp. 692 (D.N.J. 1987)............................................................... 7

## PRELIMINARY STATEMENT

Defendant Kaival Patel moves to dismiss Count One of the Indictment on the ground that it alleges multiple crimes in a single count.  He also contends that Count One is impermissibly vague and requests a bill of particulars.  Defendant's motions should be denied because Count One is neither duplicitous nor vague, and he is not entitled to a bill of particulars.  Additionally, the Government is entitled to reciprocal discovery and statements of potential defense witnesses.  The Government thus requests that the defendant produce reciprocal discovery immediately and any such statements of potential witnesses at the time of *Jencks* disclosures.

## ARGUMENT

I.      **COUNT ONE ALLEGES A SINGLE CONSPIRACY AND SHOULD NOT BE DISMISSED.**

Patel moves to dismiss the Indictment as legally insufficient.  "[A]n indictment is facially sufficient if it (1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution."  *United States v. Advantage Med. Transp., Inc.*, 751 F. App'x 258, 262 (3d Cir. 2018) (citing *United States v. Stevenson*, 832 F.3d 412, 423 (3d Cir. 2016)); *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012)).  It is well settled that "no greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit a defendant to prepare his defense and invoke double jeopardy."  *Id*. at 595.  An indictment is sufficient "unless it is so defective that it does not, by any reasonable construction, charge an offense."  *United States v. Willis*, 844 F.3d 155, 162 (3d Cir. 2016)  Review of a motion to dismiss an indictment "is a narrow, limited analysis geared only towards ensuring that legally deficient charges do not go to a jury," and the Court should "limit its inquiry to the four corners of the Indictment" and not consider

extrinsic evidence "to discern the Government's theory of the case." *United States v. Bergrin*, 650 F.3d 257, 268 (3d Cir. 2011); *Huet*, 665 F.3d at 593.

Patel contends that Count One alleges multiple crimes and should be dismissed as duplicitous. "An indictment tainted by duplicity improperly joins distinct and separate offenses in a single count." *United States v. Hornick*, 491 F. App'x 277, 284 (3d Cir. 2012) (citing *United States v. Starks*, 515 F.2d 112, 116 (3d Cir. 1975)). When a defendant moves to dismiss a count as charging multiple conspiracies, a court must accept as true the count's factual allegations. *See Huet,* 665 F.3d at 595. The question before the Court is not whether the Indictment could be read to allege multiple conspiracies, but whether "the indictment *may be read* to allege a single unified scheme[.]" *United States v. Sourlis*, 953 F. Supp. 568, 572 (D.N.J. 1996) (emphasis added; citation omitted).[1] Here, Count One alleges, and unquestionably "may be read to allege," a single conspiracy.

Count One alleges a single conspiracy: that Kaival Patel conspired with Dr. Saurabh Patel, Paul Camarda, and other co-conspirators to commit health care fraud and wire fraud. It alleges that the conspirators had the common goal of unlawfully enriching themselves by developing and executing a scheme to submit fraudulent insurance claims for medically unnecessary prescription medications and receiving a percentage of the reimbursements paid to the compounding pharmacies for those claims. *See* Indictment ¶ 4. It then lists the manner and means they used to further their scheme. *Id.* ¶¶ 5-28. Specifically, the Indictment alleges that:

- Kaival Patel, Dr. Patel, and Camarda learned that the Pharmacy Benefits Administrator would reimburse up to thousands of dollars for a one-month supply of certain compounded and non-compounded prescription medications (*Id.* ¶ 5);

---

[1] Even in reviewing a verdict after trial, the court considers not whether the evidence could prove multiple conspiracies, but whether "the evidence at trial proves *only* the existence of multiple conspiracies." *United States v. Kelly*, 892 F.2d 255, 258 (3d Cir. 1989) (emphasis added).

- Kaival Patel and Camarda formed partnerships with several Compounding Pharmacies that agreed to fill the expensive prescriptions and pay Camarda and/or Kaival Patel a percentage of the amounts that the Compounding Pharmacies received for filling the prescriptions (*Id.* ¶¶ 7, 9-11);

- Camarda and others recruited individuals who had insurance plans that covered the expensive prescriptions and paid them for agreeing to receive the prescriptions (*Id.* ¶¶ 6, 8, 20);

- After seeing the individuals recruited by Camarda and others in office visits, Dr. Patel agreed to sign prescription forms provided by Camarda and others for the medically unnecessary prescriptions.  Dr. Patel billed insurance plans and received payments for office visits and procedures that these individuals made for the primary purpose of receiving Dr. Patel's signature for the medically unnecessary prescriptions (*Id.* ¶¶ 12-18, 21, 23);

- Dr. Patel also signed medically unnecessary prescriptions for established patients of his medical practice who had insurance that would cover the medications, and Kaival Patel benefitted financially from those prescriptions (*Id.* ¶ 19);

- Dr. Patel caused the medically unnecessary prescriptions to be faxed to various Compounding Pharmacies (*Id.* ¶ 25);

- When insurance plans stopped covering particular medications, Kaival Patel, Dr. Patel, and Camarda worked to authorize new prescriptions for combinations of ingredients that would be covered by insurance (*Id.* ¶ 26).

Count One of the Indictment thus alleges a single conspiracy by Kaival Patel, Dr. Patel, Paul Camarda, and others to defraud the Pharmacy Benefits Administrator and health insurance plans.

Patel claims that Count One is duplicitous because it alleges a conspiracy with multiple objectives.  It is black letter law that an indictment alleging a conspiracy with multiple objectives is not duplicitous: "A conspiracy is one crime 'however diverse its objectives.'"  *United States v. Reyes*, 930 F.2d 310, 312 (3d Cir. 1991) (quoting *Braverman v. United States*, 317 U.S. 49, 54 (1942)); *see United States v. Morrow*, 717 F .2d 800, 804 (3d Cir. 1983) ("a single conspiracy may have multiple goals and objectives").  Patel is also wrong that a count charging a conspiracy to commit multiple crimes is duplicitous: "It is well established that '[t]he allegation in a single count

of a conspiracy to commit several crimes is not duplicitous.'" *Reyes*, 930 F.2d at 312 (quoting

*Braverman*, 317 U.S. at 54).

Patel's argument that Count One is duplicitous appears to stem from a misunderstanding of

the Indictment.  Count One does not allege one conspiracy to commit health care fraud and a

separate conspiracy to commit wire fraud.  The health care fraud and wire fraud aspects of the

conspiracy both describe the same conduct of defrauding the Pharmacy Benefits Administrator and

health insurance plans by authorizing medically unnecessary prescriptions and receiving a share of

the insurance payments for those fraudulent prescriptions.  The health care fraud conspiracy alleged

in the Indictment is the scheme to sign and submit fraudulent prescriptions and share a percentage

of the insurance reimbursements for those medically unnecessary prescriptions.  This same

conspiracy also is a wire fraud conspiracy because the fraudulent prescriptions were faxed to the

Compounding Pharmacies.  Indictment ¶ 25.  The Indictment alleges one conspiracy to commit two

crimes, which is not duplicitous.

Patel argues that the Indictment is duplicitous because it supposedly alleges a conspiracy to

the violate the Anti-Kickback Statute ("AKS") in addition to alleging a conspiracy to commit health

care and wire fraud.  But, as Patel simultaneously acknowledges, the Indictment does not mention

the AKS, and it does not even allege all the elements of an AKS violation; for example, it does not

allege that payments for the medications were made by a Federal health care program.[2]  Count One

properly alleges that part of the health care and wire fraud conspiracy was the steering of recruits to

Dr. Patel and Dr. Patel's receipt of insurance payments for office visits and procedures with the

recruits.  *Id.* ¶¶ 4, 13, 21.  But these facts merely describe how the overall conspiracy to defraud

---

[2] The Anti-Kickback Statute, 42 U.S.C. § 1320a-7b, makes it illegal to solicit or receive
remuneration in return for the referral of a person for an item or service, or for purchasing, leasing,
ordering or arranging for any good, facility or item, for which payment may be made under a
Federal health care program.

health care benefit programs was accomplished.  A doctor's signature on the medically unnecessary prescriptions was needed to authorize each prescription and open the spigot that would start the money flowing to the Compounding Pharmacies, then to Camarda and Kaival Patel, and finally to the recruits.  As a willing participant in the conspiracy, Dr. Patel agreed to sign fraudulent prescriptions after having appointments and examinations with the recruits.  These visits served two purposes: (1) helping to avoid detection of the scheme by avoiding the blatant fraud that would come with a doctor signing prescriptions without ever seeing a patient; and (2) allowing Dr. Patel to benefit financially from insurance reimbursements from the increased business as a result of the office visits with the new patients.  *See id.* ¶¶ 18, 21.  They furthered the ultimate objective of the lucrative conspiracy to commit health care fraud and wire fraud: obtaining reimbursement by submitting insurance claims for medically unnecessary *prescriptions*.  At a minimum, then, Count One "may be read" to allege a single conspiracy, and the motion to dismiss Count One for duplicity should be denied.  *See, e.g.*, *United States v. Smith*, 789 F.2d 196, 200 (3d Cir. 1986) ("[A] finding of a master conspiracy with sub-schemes does not constitute a finding of multiple, unrelated conspiracies").

## II.      COUNT ONE IS NOT VAGUE OR CONFUSING.

Patel also claims that Count One is "[i]mpermissibly [v]ague and [c]onfusing."[3]  But this assertion is based on the same faulty premise as the motion to dismiss.  Patel complains that the Indictment "is woefully deficient in outlining how" insurance claims submitted by Dr. Patel based on visits with recruits sent to his practice by Kaival Patel and Camarda were false and fraudulent. Mot. 7.  The Indictment lacks details about how or whether Dr. Patel made misrepresentations in

---

[3] Patel does not ask for any relief in his section alleging that Count One is vague and confusing, and it is a separate section than either his motion to dismiss or for a bill of particulars.  The failure to specify relief is irrelevant because the Indictment is not vague or confusing.

submitting insurance claims for office visits and procedures because there is no allegation that such claims were fraudulent.  It would make no sense for the Indictment to contain details that do not form the basis of the charges.

With respect to the conspiracy actually charged, the Indictment is not vague.  In considering claims that charges in an indictment are unconstitutionally vague, the Third Circuit has recognized that "no greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution." *United States v. Chartock*, 283 F. App'x 948, 953 (3d Cir. 2008) (citing *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007)).  Thus, courts have routinely rejected claims that charges in similar health care fraud indictments are unconstitutionally vague, so long as sufficient information is pled to permit a defendant to prepare his defense and invoke double jeopardy.  *See United States v. Chalhoub*, 2018 WL 9802145, at *3-4 (E.D.Ky. Feb. 16, 2018); *United States v. Med 1st*, 2017 WL 4848823, at *2 (W.D.Ky. Oct. 26, 2017); *United States v. McLean*, 715 F.3d 129, 136-37 (4th Cir. 2013); *United States v. Capener*, 2006 WL 8429828, at *2 (D. Nev. Sept. 22, 2006).

Here, the Indictment more than adequately informs Patel of the laws he violated and the surrounding circumstances so that he can prepare his defense and address any double jeopardy concerns.  The Indictment alleges the health care fraud conspiracy scheme in 28 paragraphs, and it is clear from the face of the Indictment that fraudulent prescriptions are at the heart of the scheme.  Indictment ¶¶ 1-28.  The Indictment specifies the ways in which the prescriptions were fraudulent, including, for example, that patients had no medical need for them and that individuals were recruited and paid to receive the prescriptions.  In fact, Patel concedes that the "Indictment is clear" as to "the allegations regarding the submission of claims for compound medication to the" Pharmacy Benefits Administrator.  Mot. 7.  Because the Indictment outlines the conspiracy in detail

and permits Patel to prepare his defense and invoke double jeopardy, the Court should deny any

relief on the ground that the Indictment is vague or confusing.

**III.      DEFENDANT'S MOTION FOR A BILL OF PARTICULARS SHOULD BE DENIED.**

      Patel seeks a bill of particulars detailing, among other things, identification of Dr. Patel's

existing patients and prescriptions alleged to have been medically unnecessary; whether claims to

insurance providers for office visits are part of the conspiracy alleged in Count One; and whether

the conspiracy alleged in Count One includes an agreement to violate the Anti-Kickback Statute.  In

light of the details provided in the Indictment and the extensive information provided in discovery,

this motion should be denied.

      **A.      A Bill of Particulars is Unwarranted Because the Indictment and Discovery
            Give the Defendant Ample Information.**

      A bill of particulars is required only when an indictment is too vague to permit the defendant

to understand the charges and prepare a defense, avoid unfair surprise, and assert a claim of double

jeopardy where appropriate.  *United States v. Urban*, 404 F.3d 754, 771-72 (3d Cir. 2005). "Only

where an indictment fails to perform these functions, and thereby 'significantly impairs the

defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial[,]' will

we find that a bill of particulars should have been issued."  *Id*. (citations omitted).  If the indictment

enables the defendant to understand the accusations against him and the central facts the

Government will present at trial, a bill of particulars is unwarranted.  *See United States v. Rosa*, 891

F.2d 1063, 1066-67 (3d Cir. 1989); *United States v. Zolp*, 659 F. Supp. 692, 706 (D.N.J. 1987).

      "A bill of particulars . . . is not intended to provide the defendant with the fruits of the

government's investigation, [but] is instead intended to give the defendant only that minimum

amount of information necessary to permit the defendant to conduct his own investigation."  *United*

*States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985); *see also Eufrasio*, 935 F.2d at 575; *United*

*States v. Addonizio*, 451 F.2d 49, 64 (3d Cir. 1971).  "A bill of particulars is not designed to: obtain the government's evidence; restrict the government's evidence prior to trial; assist the defendant's investigation; obtain the precise way in which the government intends to prove its case; interpret its evidence for the defendant; or disclose its legal theory."  *United States v. Bellomo*, 263 F. Supp. 2d 561, 580 (E.D.N.Y. 2003).  And courts have "declined to require the Government to answer a set of detailed interrogatories in the guise of a bill of particulars."  *United States v. Kenny*, 462 F.2d 1205, 1212 (3d Cir. 1972).

Count One of the Indictment is highly detailed and does much more than merely track the statutory language.[4]  After identifying the named conspirators and other relevant individuals and entities, the Indictment details the actions of the conspiracy in 25 additional paragraphs.  The Indictment explains the process used for filling the fraudulent prescriptions for compounded medications and billing insurance.  It also includes such details as how individuals were identified, recruited, and persuaded to receive medications; how those individuals were paid for agreeing to receive medications; how Kaival Patel and Paul Camarda recruited Dr. Patel to sign the fraudulent prescriptions; how Dr. Patel signed prescriptions for these recruits and other patients even though the medications were not medically necessary; how prescriptions were sent to the Compounding Pharmacies; and how the fraudulent proceeds were distributed to Paul Camarda, Kaival Patel, and others.  "[T]he specificity with which" the Indictment identifies the time period, events, and transactions at issue make it "highly unlikely" that defendants might be "unfairly surprised with . . . unfamiliar" allegations at trial.  *United States v. Moyer*, 674 F.3d 192, 203 (3d Cir. 2012).

If, as was done here, the Government supplements a detailed charging document with substantial discovery, a bill of particulars is unnecessary.  *Urban*, 404 F.3d at 772.  Where

---

[4] Patel seeks a bill of particulars for Count One only.

8

"discovery provided by the government fills in the outline of the indictment, the necessity for a bill of particulars declines." *United States v. Caruso*, 948 F. Supp. 382, 393 (D.N.J. 1996). Presumably based on current practices of providing detailed indictments and extensive discovery before trial, Judge Hillman concluded: "'The current case law does not favor granting motions for bills of particulars.'" *United States v. Lacerda*, 2013 WL 3177814, at *14 (D.N.J. June 19, 2013) (quoting *United States v. Kemp*, 2004 WL 2757867 (E.D. Pa. Dec. 2, 2004)).

Patel has received extensive discovery. The Government has produced more than 200,000 documents. While Patel suggests that he has been left "unguided" by this voluminous discovery, the Government did not simply dump the discovery on the defense. The Government organized the discovery by producing party with load files, which makes the documents readily accessible and searchable through a review platform. As a result, Patel can identify and review, for example, all documents produced by Dr. Patel's medical practice and all documents (including prescriptions) produced by a Compounding Pharmacy. And because the documents were produced digitally, he can search and find in seconds all documents mentioning any individual.

In addition to these documents, the Government has produced memoranda summarizing interviews of all of the key witnesses in the case, including the individuals recruited by Paul Camarda to receive fraudulent prescriptions, a number of Dr. Patel's established patients who were prescribed compound prescription medications that resulted in payments to Camarda and Kaival Patel, and the members of the conspiracy who have pled guilty. The Government also has produced the documents shown to the witnesses in each interview. In addition, the Government will produce, before trial, its trial exhibits and grand jury testimony of trial witnesses. Patel has more than "that minimum amount of information necessary to permit the defendant to conduct his own investigation," *Smith*, 776 F.2d at 1111, and a bill of particulars is unwarranted.

9

**B.      Defendant's Individual Requests.**

Patel seeks several pieces of information in a bill of particulars.  *First*, he seeks a bill of particulars detailing the names of Dr. Patel's existing patients who received medically unnecessary prescription medications—*i.e.*, not those recruited, paid, and sent to Dr. Patel by Kaival Patel and Paul Camarda.  Information for Patel to ascertain this information has been provided in discovery.  Patel can review the memoranda of interview to see if any given individual (a) was recruited by Camarda and directed to visit Dr. Patel to obtain authorization for a prescription; or (b) was an established patient of Dr. Patel.  In addition, Patel can compare the medical records produced by Dr. Patel's practice to the prescriptions written by Dr. Patel that were produced by the Compounding Pharmacies and determine whether an individual's first office visit with Dr. Patel corresponded with a compound prescription medication, or alternatively, preceded any prescriptions fulfilled by the Compounding Pharmacies.

The law does not require the government to provide a bill of particulars with the information sought by Patel.  Numerous courts in this circuit have denied requests that the government identify unindicted co-conspirators or persons identified as "others" in the indictment.  *See, e.g., United States v. Cook*, 2018 WL 1744682, at *2 (M.D. Pa. April 11, 2018); *United States v. Atwell*, 2015 WL 2092687, at *5 (D.N.J. May 5, 2015); *United States v. Depiro*, 2013 WL 663303, at *5 (D.N.J. Feb. 20, 2013) (declining request for "the identify of all unindicted co-conspirators and aiders and abettors"); *United States v. Knight*, 2013 WL 3367259, at *4-5 (E.D.Pa. July 3, 2013)  (rejecting request to identify co-conspirators and persons identified as "others" in the indictment); *United States v. Delle Donna*, 552 F. Supp. 2d 475, 498 (D.N.J. 2008) (declining request for bill of particulars identifying all persons who participated in the offenses); *United States v. Sampson*, 2012 WL 214707, at *3 (M.D. Pa. Jan. 24, 2012) (denying request because defendant had witness interviews and plea agreements of several co-conspirators); *see also United States v. Coffey*, 361 F.

10

Supp. 2d 102, 122 (E.D.N.Y. 2005) ("Courts have been highly reluctant to require a bill of particulars when defendants have asked for specific identities of co-conspirators or others involved.").  This request should be denied as well.

*Second*, Patel seeks a bill of particulars—really a contention interrogatory—answering whether the charged conspiracy includes an agreement to commit wire or health care fraud based on false or fraudulent claims submitted to insurance companies for patient visits and procedures conducted by Dr. Patel.  As is clear from the face of the Indictment and from the Government's opposition to Patel's motion to dismiss, the Indictment does not allege a conspiracy to submit fraudulent claims based on office visits or procedures.  More than 10 individuals recruited directly or indirectly by Paul Camarda to receive medically unnecessary prescription medications were directed to see Dr. Patel for the purpose of obtaining his authorization for the prescriptions.  Indictment ¶¶ 13, 20.  Dr. Patel's involvement was a critical part of the conspiracy because the Compounding Pharmacies could not fill a prescription without a doctor's authorization.  Dr. Patel benefitted from the conspiracy because he was able to bill insurance plans and receive payments for visits and procedures for the individuals referred to his practice.  *Id.* ¶ 21.  While Dr. Patel's visits, diagnoses, and remuneration are important parts of the charged conspiracy, the Indictment does not allege that the claims he submitted to insurance were themselves fraudulent.  Therefore, Patel is not entitled to a bill of particulars with details about *how* Dr. Patel's claims to insurance companies based on office visits and procedures were fraudulent.

Finally, Patel asks the Government to clarify whether the charged conspiracy includes an agreement to violate the Anti-Kickback Statute or pay or solicit bribes for the referrals of individuals or for ordering compound prescription medications.  As the Government explained in its opposition to Patel's motion to dismiss, the Indictment does not allege an agreement to violate the Anti-Kickback Statute.  The Indictment contains allegations that Dr. Patel was able to bill and

11

receive reimbursements for office visits and procedures with the individuals referred to him by Camarda and Kaival Patel, and that he received in-kind payments from Kaival Patel and Camarda in exchange for his participation in the conspiracy.  Indictment ¶¶ 21-22.  In discovery, the Government provided details about other benefits Dr. Patel received or hoped to receive by participating in the conspiracy with Kaival Patel and Camarda.  *See, e.g.*, Memorandum of Interview of Dr. Patel.

The Indictment and discovery give Patel ample information about the fraud scheme to allow him to prepare for trial.  His request for a bill of particulars should be denied.

**IV.     THE DEFENDANT SHOULD BE ORDERED TO PRODUCE RECIPROCAL DISCOVERY AND PRIOR DEFENSE WITNESS STATEMENTS.**

As set forth in Rule 16(b), upon complying with a request by a defendant for similar material, the Government may "[i]nspect and copy or photograph books, papers, documents, photographs, tangible objects . . . which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in chief at trial."  Fed. R. Crim. P. 16(b).  Similarly, Rule 26.2 calls for the production of written or recorded statements of any witness a defendant intends to call to testify at trial.

The Government fulfilled its discovery obligations in this case and is entitled to reciprocal discovery.  To date, the Government has received no discovery from the defendant.  The Government is entitled to this information, and the Court should direct the defendant to immediately produce reciprocal discovery and produce any written or recorded statements of potential witnesses he intends to call at trial at the time of *Jencks* disclosures.

## **CONCLUSION**

For the foregoing reasons, the Court should deny the defendant's pretrial motions in their entirety and grant the Government's motion for reciprocal discovery and witnesses' prior statements.

Respectfully submitted,

PHILIP R. SELLINGER
United States Attorney

By:    R. DAVID WALK, JR.
DANIEL A. FRIEDMAN
DENAE M. THOMAS
Assistant United States Attorneys

Dated:  August 18, 2023

13

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that, on this day I caused to be served, via the Court's Electronic

Filing System ("ECF"), a copy of the Brief of the United States in Opposition to Defendant's Motion

to Dismiss Count One, Or in the Alternative, For Bill of Particulars and In Support of Its Motion for

Reciprocal Discovery on defense counsel of record.

Respectfully submitted,

PHILIP R. SELLINGER
United States Attorney

R. DAVID WALK, JR.
DANIEL A. FRIEDMAN
DENAE M. THOMAS
Assistant United States Attorneys

Date: August 18, 2023

14