# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA      :        Honorable Robert B. Kugler

                         :

          v.             :        Criminal No. 22-35 (RBK)

                         :

KAIVAL PATEL              :

---

## GOVERNMENT'S REQUESTS TO CHARGE

---

PHILIP R. SELLINGER
United States Attorney
970 Broad Street
Newark, New Jersey 07102
(973) 645-2700

DANIEL A. FRIEDMAN
DENAE M. THOMAS
Assistant United States Attorneys
United States Courthouse
401 Market Street, 4th Floor
Camden, New Jersey 08101
(856) 757-5026

## PRELIMINARY STATEMENT

The Government respectfully proposes these instructions to submit to the jury, which pertain to general matters of law and jury trials, the essential elements of the crimes charged in the Indictment, and certain matters of evidence that are relevant to this case.  In addition, the Government requests that the Court instruct the jury as to other general matters in accordance with the Court's customary practice.  Finally, the Government respectfully requests leave of the Court to submit additional requests to charge should such submission be warranted by subsequent developments in the trial.

# PRELIMINARY INSTRUCTIONS

**Request No. 1**
**Preliminary Instructions to Jury**

*(Source: Third Circuit Jury Instruction § 1.01)*

I am Judge Robert B. Kugler, the trial judge in this case. You have been called to this courtroom as a panel of prospective jurors for the case of *United States v. Kaival Patel*.  This is a criminal case in which Kaival Patel is charged with committing the crimes of: conspiracy to commit health care fraud and wire fraud, health care fraud, making false statements, conspiracy to commit money laundering, and money laundering.

From this panel we will select the jurors who will sit on the jury that will decide this case.  We will also select alternate jurors, who will be part of this trial and available in the event that one of the regular jurors becomes ill or is otherwise unable to continue on the jury.

 We rely on juries in this country to decide cases tried in our courts, so service on a jury is an important duty of citizenship.  Jurors must conduct themselves with honesty, integrity, and fairness.

Under our system of justice, the role of the jury is to find the facts of the case based on the evidence presented in the trial.  That is, from the evidence seen and heard in court, the jury decides what the facts are, and then applies to those facts the law that I will give in my instructions to the jury.  My role as the trial judge is to

make whatever legal decisions must be made during the trial and to explain to the jury the legal principles that will guide its decisions.

We recognize that you are all here at some sacrifice.  However, we cannot excuse anyone merely because of personal inconvenience, unless serving on this jury would be a compelling hardship.

In a few minutes you will be sworn to answer truthfully questions about your qualifications to sit as jurors in this case.  This questioning process is called the voir dire.  I will conduct the questioning, and the lawyers for the parties may also participate.  It is, of course, essential that you answer these questions truthfully; a deliberately untruthful answer could result in severe penalties.

The voir dire examination will begin with a brief statement about the particulars of this case.  The purpose of this statement is to tell you what the case is about and to identify the parties and their lawyers.

Questions will then be asked to find out whether any of you have any personal interest in this case or know of any reason why you cannot render a fair and impartial verdict.  We want to know whether you are related to or personally acquainted with any of the parties, their lawyers, or any of the witnesses who may appear during the trial, and whether you already know anything about this case.  Other questions will be asked to determine whether any of you have any beliefs, feelings, life experiences, or any other reasons that might influence you in rendering a verdict.

4

The questions are not intended to embarrass you.  If you have a response that you are uncomfortable sharing publicly, please let me know and I will see that you are questioned in private.  I also may decide on my own that questions should be asked in private.

After this questioning, some of you will be chosen to sit on the jury for this case.  If you are not chosen, you should not take it personally and you should not consider it a reflection on your ability or integrity.

There may be periods of silence during the voir dire process, when the lawyers and I are not speaking openly.  During those times you may talk, but you must not talk about this case or about the voir dire questions and answers.

*[If the trial judge wants to give a further explanation of the challenge and selection process, here is alternative language that may be used for that purpose:*

*Alternative 1:  After we complete the questioning, the lawyers and I will decide which of you will be chosen to sit on the jury.  Please be patient while we complete the selection process.*

*Alternative 2:  After this questioning is completed, the parties on either side may ask that a member of the panel be excused or exempted from service on the jury in this case.  These are called challenges.*

*First: A prospective juror may be challenged for cause if the voir dire examination shows that he or she might be prejudiced or otherwise unable to render*

*a fair and impartial verdict in this case. I will excuse a prospective juror if I decide that there is sufficient cause for the challenge. There is no limit to the number of challenges for cause.*

*Second: The parties also have the right to a certain limited number of challenges for which no cause is necessary. These are called peremptory challenges, and each party has a predetermined number of peremptory challenges. The peremptory challenge is a right long-recognized by the law as a means of giving the parties some choice in the make-up of the jury. You should understand that if you are eliminated from the jury panel by a peremptory challenge that is not a reflection on your ability or integrity.]*

**Request No. 2**
**Role of the Jury**

*(Source; Third Circuit Jury Instruction § 1.02)*

Now that you have been sworn, let me tell you what your role is as jurors in this case.

Under our system of justice, the role of the jury is to find the facts of the case based on the evidence presented in the trial. You must decide the facts only from the evidence presented to you in this trial.

From the evidence that you will hear and see in court, you will decide what the facts are and then apply to those facts the law that I will give to you in my final instructions. That is how you will reach your verdict.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. Therefore, each of you has a responsibility which you cannot avoid and you should do your best throughout the trial to fulfill this responsibility.

I play no part in finding the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or about what your verdict should be. My role is to make whatever legal decisions have to be made during the course of the trial and to explain to you the legal principles that must guide you in your decisions.

7

You must apply my instructions about the law.  Each of the instructions is important.  You must not substitute your own notion or opinion about what the law is or ought to be.  You must follow the law that I give to you, whether you agree with it or not.

Perform these duties fairly and impartially.  Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, national ancestry, gender, or sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

**Request No. 3**
**Conduct of the Jury**

*(Source: Third Circuit Jury Instruction § 1.03)*

Here are some important rules about your conduct as jurors:

(1) Keep an open mind.  Do not make up your mind about the verdict until you have heard all of the evidence, and I have given final instructions about the law at the end of the trial, and you have discussed the case with your fellow jurors during your deliberations.

 (2) Do not discuss the case among yourselves until the end of the trial when you retire to the jury room to deliberate.  You need to allow each juror the opportunity to keep an open mind throughout the entire trial.  During trial you may talk with your fellow jurors about anything else of a personal nature or of common interest.

(3) During the trial you should not speak to any of the parties, lawyers, or witnesses involved in this case, not even to pass the time of day.  If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either.

(4) Do not talk with anyone else or listen to others talk about this case until the trial has ended and you have been discharged as jurors.  It is important not only that you do justice in this case, but that you give the appearance of justice.  If anyone

9

should try to talk to you about the case during the trial, please report that to me, through my courtroom deputy, immediately.  Do not discuss this situation with any other juror.

(5) Do not discuss the case with anyone outside the courtroom or at home, including your family and friends.  You may tell your family or friends that you have been selected as a juror in a case and you may tell them how long the trial is expected to last.  However, you should also tell them that the judge instructed you not to talk any more about the case and that they should not talk to you about it.  The reason for this is that sometimes someone else's thoughts can influence you.  Your thinking should be influenced only by what you learn in the courtroom.

(6) Until the trial is over and your verdict is announced, do not watch or listen to any television or radio news programs or reports about the case, or read any news or internet stories or articles about the case, or about anyone involved with it.

(7) Do not use a computer, cellular phone, other electronic devices or tools of technology while in the courtroom or during deliberations.  These devices may be used during breaks or recesses for personal uses, but may not be used to obtain or disclose information about this case.  You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Google+, Facebook, SnapChat,

Instagram, Tumblr, LinkedIn, and YouTube.   You may not use any similar technology of social media to communicate with anyone about the case, even if I have not specifically mentioned it.

(8) Do not do any research or make any investigation on your own about any matters relating to this case or this type of case.  This means, for example, that you must not visit the scene, conduct experiments, consult reference works or dictionaries, or search the internet, websites or blogs for additional information, or use a computer, cellular phone, or other electronic devices or tools of technology, or any other method, to obtain information about this case, this type of case, the parties in this case, or anyone else involved in this case.  Please do not try to find out information from any source outside the confines of this courtroom.  You must decide this case based only on the evidence presented in the courtroom and my instructions about the law.  It would be improper for you to try to supplement that information on your own.

(9) Finally, you should not concern yourselves with or consider the possible punishment that might be imposed if you return a verdict of guilty.

(10) Finally, if any member of the jury has a friend or family member who is in attendance at this public trial, that visitor must first register with my Clerk because special rules will govern their attendance. You may not discuss any aspect of this trial with the visitor, nor may you permit the visitor to discuss it with you.

**Request No. 4**
**Bench (Side-Bar) Conferences**

*(Source: Third Circuit Jury Instruction § 1.04)*

During the trial it may be necessary for me to talk with the lawyers out of your hearing.  That is called a bench or side-bar conference.  If that happens, please be patient.  We also ask that you advise me, through my courtroom deputy, if you are able to hear any of the bench or side-bar conferences, because the purpose is to hold these discussions outside the hearing of the jury, for important reasons.

I know you may be curious about what we are discussing.  We are not trying to keep important information from you.  These conferences are necessary for me to discuss with the lawyers objections to evidence and to be sure that evidence is presented to you correctly under the rules of evidence.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.  If I think the conference will be long, I will call a recess.

I may not always grant a lawyer's request for a conference.  Do not consider my granting or denying a request for a conference as suggesting my opinion of the case or of what your verdict should be.

**Request No. 5**
**Description of Trial Proceedings**

*(Source: Third Circuit Jury Instruction § 1.07)*

The trial will proceed in the following manner:

<u>First</u>:  The lawyers will have an opportunity to make opening statements to you.  The prosecutor may make an opening statement at the beginning of the case. Kaival Patel's lawyer may make an opening statement after the prosecutors opening statement or Kaival Patel may postpone the making of an opening statement until after the Government finishes presenting its evidence.  Kaival Patel is not required to make an opening statement.  The opening statements are simply an outline to help you understand what each party expects the evidence to show.  What is said in the opening statements is not itself evidence.

<u>Second</u>:  After opening statements, the Government will introduce the evidence that it thinks proves the charges stated in the indictment.  The Government will present witnesses and Kaival Patel's lawyer may cross-examine those witnesses. The Government may also offer documents and other exhibits into evidence.

<u>Third</u>:  After the Government has presented its evidence, Kaival Patel may present evidence, but he is not required to do so.  As I will tell you many times during this trial, the Government always has the burden or obligation to prove each and every element of the offenses charged beyond a reasonable doubt.  Kaival Patel is presumed to be innocent of the charges.  The law never imposes on a defendant in a

13

criminal case the burden of proving their innocence by calling any witnesses, producing any exhibits, or introducing any evidence.

Fifth:  After you have heard all of the evidence, I will give you orally *[and in writing]* the final instructions concerning the law that you must apply to the evidence presented during the trial.  As I am doing now, I may also give you instructions on certain aspects of the law throughout the trial, as well as at the end of the trial.

Fourth:  After I give you the final instructions on the law, the lawyers will have the opportunity to present closing arguments.  Closing arguments are designed to present to you the parties' theories about what the evidence has shown and what conclusions may be drawn from the evidence.  What is said in closing arguments is not evidence, just as what is said in the opening statements is not evidence.

Sixth:  After closing arguments, you will retire to consider your verdict.  Your deliberations are secret.  You will not be required to explain your verdict to anyone. Your verdict must be unanimous; all twelve of you must agree to it.  You must keep your minds open during this trial.  Do not make up your mind about any of the questions in this case until you have heard each piece of evidence and all of the law which you must apply to that evidence in other words, until you begin your deliberations.

**Request No. 6**
**Evidence**

*(Source: Third Circuit Jury Instruction § 1.08)*

You must make your decision in this case based only on the evidence that you see and hear in the courtroom.  Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that is stipulated; that is, formally agreed to by the parties.

The following are not evidence:

(1) Statements and arguments of the lawyers for the parties in this case;

(2) Questions by the lawyers and questions that I might ask.  You must not assume that a fact is true just because one of the lawyers or I ask a question about it.  It is the witness answers that are evidence.  Of course, you may need to consider the question to know what a witness means by his or her answer.  For example, if a witness answers yes to a question, you will have to consider the question to understand what the witness is saying.

(3) Objections by lawyers, including objections in which the lawyers state facts;

(4) Any testimony I strike or tell you to disregard; and

(5) Anything you may see or hear about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events and give it whatever weight you believe it deserves. If your experience and common sense tell you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

The rules of evidence control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. An objection simply means that the lawyer is asking me to decide whether the evidence should be allowed under the rules. Lawyers have a responsibility to their clients to make objections when they think evidence being offered is improper under the rules of evidence. You should not be influenced by the fact that an objection is made.

You should also not be influenced by my rulings on objections to evidence. If I overrule an objection, the question may be answered or the exhibit may be received as evidence, and you should treat the testimony or exhibit like any other. I may allow evidence (testimony or exhibits) only for a limited purpose. If I do that, I will instruct you to consider the evidence only for that limited purpose, and you must follow that instruction.

If I sustain an objection, the question will not be answered or the exhibit will not be received as evidence. Whenever I sustain an objection, you must disregard

16

the question or the exhibit entirely.  Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown.  Sometimes a witness may have already answered before a lawyer objects or before I rule on the objection.  If that happens and if I sustain the objection, you should disregard the answer that was given.

Also, I may order that some testimony or other evidence be stricken or removed from the record.  If I do that, I will instruct you to disregard that evidence.  That means, when you are deciding the case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may call your attention to certain facts or factual conclusions that they think are important, what the lawyers say is not evidence and is not binding on you.  It is your own recollection and interpretation of the evidence that controls your decision.  Also, do not assume from anything I do or say during the trial that I have any opinion about the evidence or about any of the issues in this case or about what your verdict should be.

**Request No. 7**
**Direct and Circumstantial Evidence**

*(Source: Third Circuit Jury Instruction § 1.09)*

Two types of evidence may be used in this trial, direct evidence and circumstantial (or indirect) evidence.  You may use both types of evidence in reaching your verdict.

Direct evidence is simply evidence which, if believed, directly proves a fact.  An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact.  It is evidence that proves one or more facts from which you could find or infer the existence of some other fact or facts.  An inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence.  An inference is not a suspicion or a guess.  It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could find or conclude that it was raining.  You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts.  The

18

Government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what inferences you will draw based on all the evidence.

You should consider all the evidence that is presented in this trial, direct and circumstantial.  The law makes no distinction between the weight that you should give to either direct or circumstantial evidence.  It is for you are to decide how much weight to give any evidence.

**Request No. 8**
**Credibility of Witnesses**

*(Source: Third Circuit Jury Instruction § 1.10)*

In deciding what the facts are, you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Is the witness truthful? Is the witness testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gives, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testifies;

(2) The quality of the witness knowledge, understanding, and memory;

(3) The witness appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect that the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that is different from the witness testimony in court;

(7) Whether the witness testimony is consistent or inconsistent with other evidence that you believe *[alternative: how believable the witness testimony is when considered with other evidence that you believe]*; and

(8) Any other factors that bear on whether the witness should be believed. Inconsistencies or discrepancies in a witness testimony or between the testimony of different witnesses may or may not cause you to disbelieve that witness testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should consider whether it is about a matter of importance or an insignificant detail. You should also consider whether the inconsistency is innocent or intentional.

You are not required to accept testimony even if the testimony is not contradicted and the witness is not impeached. You may decide that the testimony is not worthy of belief because of the witness bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important than numbers is how believable the witnesses are, and how much weight you think their testimony deserves.

**Request No. 9**
**Nature of the Indictment**

*(Source: Third Circuit Jury Instruction § 1.11)*

The Government has charged Kaival Patel with violating federal laws.  Count 1 charges Kaival Patel with conspiring to commit health care fraud and wire fraud. Counts 2-5 charge Kaival Patel with health care fraud.  Count 6 charges Kaival Patel with making false statements.  Count 7 charges Kaival Patel with conspiring to commit money laundering by transacting in criminal proceeds.  Counts 8-12 charge Kaival Patel with individual acts of money laundering by transacting in criminal proceeds.

The charges against Kaival Patel are contained in the Indictment.  An indictment is just the formal way of specifying the exact crimes Kaival Patel is accused of committing.  An indictment is simply a description of the charges against a defendant.  It is an accusation only.  An indictment is not evidence of anything, and you should not give any weight to the fact that Kaival Patel has been indicted in making your decision in this case.

**Request No. 10**
**Elements of the Offenses Charged**

*(Source: Third Circuit Jury Instruction § 1.12)*

To help you follow the evidence, I will now give you a brief summary of the elements of the offenses, each of which the Government must prove beyond a reasonable doubt in order to convict Kaival Patel of the offenses charged.

Count 1 – Conspiracy to Commit Health Care Fraud and Wire Fraud:

First: two or more persons agreed to commit health care fraud or wire fraud, as charged in the Indictment;

Second:  Kaival Patel was a party to or member of that agreement; and

Third:  Kaival Patel joined the agreement or conspiracy knowing of its objective to commit health care fraud or wire fraud and intending to join together with at least one other alleged conspirator to achieve that objective; that is, Kaival Patel and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective to commit health care fraud or wire fraud.

*Third Circuit Jury Instructions* §§ 6.18.371A & comment ("Specific Federal Conspiracy Statutes").

Because an object of Count One is to commit wire fraud, I will instruct you on the elements of wire fraud.  The elements of wire fraud are:

First:  That Kaival Patel knowingly devised a scheme to defraud or to obtain

24

money or property by materially false or fraudulent pretenses, representations or promises or willfully participated in such a scheme with knowledge of its fraudulent nature;

Second: That Kaival Patel acted with the intent to defraud; and

Third:  That in advancing, furthering, or carrying out the scheme, a member of the scheme transmitted or caused to be transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

*Third Circuit Jury Instructions* § 6.18.1343.

Counts 2-5 — Health Care Fraud:

Counts 2 through 5 charge Kaival Patel with health care fraud.  The elements of health care fraud are:

First:  Kaival Patel knowingly and willfully executed or attempted to execute a scheme to defraud a victim or to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of a victim in connection with the delivery of or payment for health care benefits, items, or services; and

Second: the victim was a public or private plan or contract, affecting commerce, under which medical benefits, items, or services were provided to any

individual.

*Third Circuit Jury Instructions* § 6.18.1347 (modified).

Count 6 — Making False Statements:

Count 6 charges Kaival Patel with making false statements to federal agents. The elements of this crime are:

First:  That Kaival Patel made a statement;

Second: That the statement was false, fictitious, or fraudulent;

Third: That the false statement was made knowingly and willfully;

Fourth: That the statement was material; and

Fifth: That the statement was made in a matter within the jurisdiction of the executive branch of the Government of the United States.

*United States v. Moyer, 674 F.3d 192, 213 (3d Cir. 2012); Fifth Circuit Pattern Jury Instructions* § 2.45; *Sixth Circuit Pattern Criminal Jury Instructions* § 13.02; *Seventh Circuit Pattern Jury Instructions* – 18 U.S.C. § 1001; *Eleventh Circuit Model Jury Instruction* § O36.

Count 7 – Conspiracy to Commit Money Laundering by Transacting in Criminal Proceeds:

Count 7 charges Kaival Patel with conspiracy to commit money laundering by transacting in criminal proceeds.  The elements of this crime are:

First: Two or more persons agreed to commit money laundering by transacting

in criminal proceeds;

>Second:  Kaival Patel was a party to or member of that agreement; and

>Third:  Kaival Patel joined the agreement or conspiracy knowing of its objective to commit money laundering by transacting in criminal proceeds and intending to join together with at least one other alleged conspirator to achieve that objective; that is, Kaival Patel and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective to commit money laundering by transacting in criminal proceeds.

*Third Circuit Jury Instructions* §§ 6.18.371A & comment ("Specific Federal Conspiracy Statutes").

Counts 8-12—Money Laundering - Transacting in Criminal Proceeds:

>Counts 8 through 12 charge Kaival Patel with money laundering by transacting in criminal proceeds.  The elements of this crime are:

>First: Kaival Patel knowingly engaged in a monetary transaction;

>Second: The monetary transaction was of a value greater than $10,000;

>Third: Kaival Patel knew that the monetary transaction involved criminally derived property;

>Fourth: That criminally derived property was proceeds of a specified unlawful activity;

>Fifth: The monetary transaction took place within the United States.

*Sixth Circuit Pattern Criminal Jury Instructions* § 11.06 (2019); *Seventh Circuit*

*Pattern Criminal Jury Instructions* at 567 (2018); *Eleventh Circuit Pattern Criminal Jury Instructions* § O74.6 (2019).

What I have just told you is only a preliminary outline of the elements of the offenses charged.  At the end of trial, I will give you final instructions on the elements of the offenses charged and on other matters of law.  Those final instructions will be more detailed; they will guide you in reaching your verdict in this case.

## Request No. 11
## Presumption of Innocence; Burden of Proof; Reasonable Doubt

*(Source: Third Circuit Jury Instruction § 1.13)*

Kaival Patel has pleaded not guilty to the offenses charged.  Kaival Patel is presumed to be innocent.  He starts the trial with a clean slate, with no evidence against him.  The presumption of innocence stays with Kaival Patel unless and until the Government presents evidence that overcomes that presumption by convincing you that Kaival Patel is guilty of the offenses charged beyond a reasonable doubt.

The presumption of innocence requires that you find Kaival Patel not guilty, unless you are satisfied that the Government has proved guilt beyond a reasonable doubt.  The presumption of innocence means that Kaival Patel has no burden or obligation to present any evidence at all or to prove that he is not guilty.  The burden or obligation of proof is on the Government to prove that Kaival Patel is guilty, and

this burden stays with the Government throughout the trial.

In order for you to find Kaival Patel guilty of the offenses charged, the Government must convince you that Kaival Patel is guilty beyond reasonable doubt. That means that the Government must prove each and every element of the offenses charged beyond a reasonable doubt. Kaival Patel may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture or speculation are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. A reasonable doubt means a doubt that would cause an ordinary reasonable person to hesitate to act in matters of importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, after hearing all the evidence, you are convinced that the Government has proved Kaival Patel guilty beyond a reasonable doubt, you should return a verdict of guilty. However, if you have a reasonable doubt as to an element of an offense, then you must return a verdict of not guilty.

**Request No. 12**
**Separate Considerations: Single Defendant Charged With Multiple Offenses**

*(Source: Third Circuit Jury Instruction §§ 1.14)*

Kaival Patel is charged with more than one offense; each offense is charged in a separate count of the Indictment.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way.  You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense.  For each offense charged, you must decide whether the Government has proved beyond a reasonable doubt that Kaival Patel is guilty of that particular offense.

Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged.  Each offense should be considered separately.

# FINAL INSTRUCTIONS

**Request No. 1**
**Introduction and Role of the Jury**

*(Source: Third Circuit Jury Instruction § 3.01)*

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial.  That is your job and yours alone.  I play no part in finding the facts.  You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts.  My role now is to explain to you the legal principles that must guide you in your decisions.  You must apply my instructions carefully.  Each of the instructions is important, and you must apply all of them.  You must not substitute or follow your own notion or opinion about what the law is or ought to be.  You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous.  All of you will have to agree on it or there will be no verdict.  In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind.  This is a responsibility that each of you has and that you cannot avoid.

During your deliberations, you must not communicate with or provide any

2

information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, Instagram, Tumblr, LinkedIn, YouTube, SnapChat, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.

Perform these duties fairly and impartially.  Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, national ancestry, gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position

3

in life or in the community.

**Request No. 2**
**Evidence**

*(Source: Third Circuit Jury Instruction § 3.02)*

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

*((4) Any facts that have been judicially noticed--that is, facts which I say you may accept as true even without other evidence.)*

The following are not evidence:

(1) The Indictment;

(2) Statements and arguments of the lawyers for the parties in this case;

(3) Questions by the lawyers and questions that I might have asked;

(4) Objections by lawyers, including objections in which the lawyers stated facts;

(5) Any testimony I struck or told you to disregard; and

(6) Anything you may have seen/heard about this case outside the courtroom.

5

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence. During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence. These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made. You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other. When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence. You must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to

6

the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection.  If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence.  When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you.  It is your own recollection and interpretation of the evidence that controls your decision in this case.  Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

**Request No. 3**
**Direct and Circumstantial Evidence**

*(Source: Third Circuit Jury Instruction § 3.03)*

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence."  You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact.  It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts.  A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence.  A reasonable inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining.  You would not have to find that it was raining, but you could.

8

Sometimes different inferences may be drawn from the same set of facts.  The Government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial.  The law makes no distinction between the weight that you should give to either direct or circumstantial evidence.  It is for you to decide how much weight to give any evidence.

**Request No. 4**
**Credibility of Witnesses**

*(Source: Third Circuit Jury Instruction § 3.04)*

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe.  You are the sole judges of the credibility of the witnesses.  Credibility refers to whether a witness is worthy of belief: Was the witness truthful?  Was the witness' testimony accurate?  You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.  In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any

10

motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7) How believable the witness' testimony was when considered with other evidence that you believe; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

11

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

**Request No. 5**
**Credibility of Witnesses – Law Enforcement Officer**

*(Source: Third Circuit Jury Instruction § 4.18)*

You have heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witnesses.

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

13

**Request No. 6**
**Credibility of Witnesses - Witness Who Has Pleaded Guilty to Same or**
**Related Offense, Accomplices, Immunized Witnesses, Cooperating Witnesses**

*(Source: Third Circuit Jury Instructions § 4.19)*

You have heard evidence that (*Dr. Saurabh Patel, William Hickman, Rocco Cammalleri, Paul Camarda, Matthew Tedesco, and Michael Bemis*) are alleged co-conspirators and/or have entered into plea agreements with the Government.  You also have heard evidence that Jason Joseph has entered into a non-prosecution agreement with the Government.

Their testimony was received in evidence and may be considered by you.  The Government is permitted to present the testimony of someone who has reached a plea bargain or non-prosecution agreement with the Government, but you should consider the testimony of the witness with great care and caution.  In evaluating the witness's testimony, you should consider this factor along with the others I have called to your attention.  Whether or not the testimony may have been influenced by the plea agreement or alleged involvement in the crime charged is for you to determine.  You may give his testimony such weight as you think it deserves.

You must not consider (*Dr. Saurabh Patel, William Hickman, Rocco Cammalieri, Paul Camarda, Matthew Tedesco, or Michael Bemis's*) guilty pleas— or Jason Joseph's non-prosecution agreement—as any evidence of Kaival Patel's guilt.  Their decision to plead guilty or enter into a non-prosecution agreement was

14

a personal decision about their own guilt.  Such evidence is offered only to allow you to assess the credibility of the witness; to eliminate any concern that Kaival Patel has been singled out for prosecution; and to explain how the witness came to possess detailed first-hand knowledge of the events about which he/she testified.  You may consider the witness's guilty plea only for these purposes.

**Request No. 7**
**Not All Evidence, Not All Witnesses Needed**

*(Source: Third Circuit Jury Instruction § 3.05)*

Although the Government is required to prove Kaival Patel guilty beyond a reasonable doubt, the Government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.  In addition, as I have explained, Kaival Patel is not required to present any evidence or produce any witnesses.

**Request No. 8**
**Presumption of Innocence; Burden of Proof; Reasonable Doubt**

*(Source: Third Circuit Jury Instruction § 3.06)*

Kaival Patel has pleaded not guilty to the offenses charged.  Kaival Patel is presumed to be innocent.  He started the trial with a clean slate, with no evidence against him.  The presumption of innocence stays with him unless and until the Government has presented evidence that overcomes that presumption by convincing you that Kaival Patel is guilty of the offenses charged beyond a reasonable doubt. The presumption of innocence requires that you find Kaival Patel not guilty, unless you are satisfied that the Government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that Kaival Patel has no burden or obligation to present any evidence at all or to prove that he is not guilty.  The burden or obligation of proof is on the Government to prove that Kaival Patel is guilty and this burden stays with the Government throughout the trial.

In order for you to find Kaival Patel guilty of the offenses charged, the Government must convince you that Kaival Patel is guilty beyond a reasonable doubt.  That means that the Government must prove each and every element of the offenses charged beyond a reasonable doubt. Kaival Patel may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible

17

doubt or to be a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts.  A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience.  It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life.  It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the Government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense.  However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

**Request No. 9**
**Nature of the Indictment**

*(Source: Third Circuit Jury Instruction § 3.07)*

As you know, Kaival Patel is charged in the Indictment with violating federal law, specifically conspiracy to commit health care fraud and wire fraud, health care fraud, making false statements, conspiracy to commit money laundering by transacting in criminal proceeds, and money laundering by transacting in criminal proceeds.  As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crimes Kaival Patel is accused of committing.  An indictment is simply a description of the charges against a defendant.  It is an accusation only.  An indictment is not evidence of anything, and you should not give any weight to the fact that Kaival Patel has been indicted in making your decision in this case.

**Request No. 10**
**On or About**

*(Source: Third Circuit Jury Instruction § 3.08)*

You will note that the Indictment charges that the offenses were committed "on or about" certain dates.  The Government does not have to prove with certainty the exact date of the alleged offenses.  It is sufficient if the Government proves beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged.

**Request No. 11**
**Separate Consideration: Single Defendant Charged with Multiple Offenses**

*(Source: Third Circuit Jury Instruction § 3.12)*

Kaival Patel is charged with several offenses; each offense is charged in a separate count of the Indictment.  The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way.  You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense.  For each offense charged, you must decide whether the Government has proved beyond a reasonable doubt that Kaival Patel is guilty of that particular offense.

Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged.  Each offense should be considered separately.

21

**Request No. 12**
**Stipulated Testimony**

*(Source: Third Circuit Jury Instructions §§ 4.01)*

The parties have agreed what the testimony of records custodians from the following entities would be if the records custodian was called as a witness: Heritage Therapeutics, LLC; Central Rexall Drugs, Inc.; Plains Pharmacy of Wayne Township LLC; Jariah Inc., a/k/a Roseville Pharmacy; UIC Medical Centre; Wells Fargo Bank; JPMorgan Chase Bank; AT&T Corporation; Verizon Wireless; ABC Healthy Living LLC; and Express Scripts.  You should consider that testimony in the same way as if it had been given here in court by the witness.

The parties have also agreed, or stipulated, that documents produced by Heritage Therapeutics, LLC; Central Rexall Drugs, Inc.; Plains Pharmacy of Wayne Township LLC; Jariah Inc., a/k/a Roseville Pharmacy; UIC Medical Centre; Wells Fargo Bank; JPMorgan Chase Bank; AT&T Corporation; Verizon Wireless; ABC Healthy Living LLC; and Express Scripts are true, accurate, and authentic copies of documents produced in response to subpoenas issued to those entities.

**Request No. 13**
**Stipulation of Fact**

*(Source: Third Circuit Jury Instructions §§ 4.02) (if applicable)*

The Government and Kaival Patel have agreed that (*insert stipulated facts*) are true. You should therefore treat these facts as having been proved.  You are not required to do so, however, since you are the sole judge of the facts.

**Request No. 14**
**Summaries - Underlying Evidence Admitted**

*(Source: Third Circuit Jury Instructions § 4.10)*

(*The parties*)(*The Government*) presented certain charts and summaries in order to help explain the facts disclosed by the (*tax returns, financial records, and phone records*) which were admitted as evidence in the case.  The charts and summaries are not themselves evidence or proof of any facts.  If the charts and summaries do not correctly reflect the evidence in the case, you should disregard them and determine the facts from the underlying evidence.

**Request No. 15**
**Impeachment of Witness – Prior Inconsistent Statement for Credibility Only**
**(If applicable)**

*(Source: Third Circuit Jury Instruction § 4.22)*

You have heard the testimony of certain witnesses *(if only one witness was impeached with a prior inconsistent statement, include name of witness)*.  You have also heard that before this trial *(they)(he)(she)* made *(statements)(a statement)* that may be different from *(their)(his)(her)* testimony in this trial.  It is up to you to determine whether *(these statements were)(this statement was)* made and whether *(they were)(it was)* different from the witness*(es)*' testimony in this trial. *(These earlier statements were)(This earlier statement was)* brought to your attention only to help you decide whether to believe the witness*(es)* said in the earlier statement*(s)*.  You cannot use it as proof of the truth of what the witness*(es)* said in the earlier statement*(s)*.  You can only use it as one way of evaluating the witness*(es)*' testimony in this trial.

*[You also heard evidence that (this witness)(certain witnesses) made statements before this trial that were (describe condition satisfying Federal Rules of Evidence, Rule 801(d)(1)(A); e.g., made under oath, given before the grand jury) and that may be different from (his)(her) testimony at trial. When a statement is (describe condition; made under oath, made before the grand jury), you may not only use it to help you decide whether you believe the witness' testimony in this trial*

25

*but you may also use it as evidence of the truth of what the witness(es) said in the earlier statement(s). But when a statement is (describe condition; e.g., not made under oath, not given before the grand jury), you may use it only to help you decide whether you believe the witness' testimony in this trial and not as proof of the truth of what the witness(es) said in the earlier statement(s).]*

**Request No. 16**
**Impeachment of Witness – Prior Bad Acts (F.R.E. 608(b)) (If applicable)**

*(Source: Third Circuit Jury Instruction § 4.24)*

You heard evidence that *(name)*, a witness, committed *(describe bad act inquired about during cross-examination)*.  You may consider this evidence, along with other pertinent evidence, only in deciding whether to believe *(name)* and how much weight to give *(his)(her)* testimony.

27

**Request No. 17**
**Impeachment of Witness - Prior Conviction (F.R.E. 609) (If applicable)**

*(Source: Third Circuit Jury Instruction § 4.25)*

You heard evidence that (*name*), a witness, was previously convicted of a crime (*punishable by more than one year in jail*) (*involving dishonesty or false statement*). You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe (*name*) and how much weight to give to (*name*)'s testimony.

28

**Request No. 18**
**False in One, False in All (*Falsus in Uno, Falsus in Omnibus*)**

*(Source: Third Circuit Jury Instruction § 4.26)*

If you believe that a witness knowingly testified falsely concerning any important matter, you may distrust the witness' testimony concerning other matters. You may reject all of the testimony or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves.

**Request No. 19**
**Interviews of Witness (If applicable)**

During the trial, you heard testimony that Assistant United States Attorneys or federal agents or defense counsel interviewed or attempted to interview some witnesses who testified.  No adverse inference should be drawn from that conduct. Indeed, the Assistant United States Attorneys, their assistants, and federal law enforcement officers, as well as defense counsel and their assistants, have a right, a duty, and an obligation to conduct and to attempt to conduct those interviews and prepare this case as thoroughly as possible, and they might have been derelict in the performance of their duties if they had not questioned the witnesses as their investigations progressed and during their preparation for this trial.

**Request No. 20**
**Defendant's Choice Not to Testify or Present Evidence (If applicable)**

*(Source: Third Circuit Jury Instruction § 4.27)*

Kaival Patel did not testify in this case. A defendant has an absolute constitutional right not to testify *(or to present any evidence)*. The burden of proof remains with the prosecution throughout the entire trial and never shifts to Kaival Patel. Kaival Patel is never required to prove that he is innocent. You must not attach any significance to the fact that Kaival Patel did not testify. You must not draw any adverse inference against him because he did not take the witness stand. Do not consider, for any reason at all, the fact Kaival Patel testified. Do not discuss that fact during your deliberations or let it influence your decision in any way.

**Request No. 21**
**Defendant's Testimony (If applicable)**

*(Source: Third Circuit Jury Instruction § 4.28)*

In a criminal case, Kaival Patel has a constitutional right not to testify. However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf.  In this case, Kaival Patel testified.  You should examine and evaluate his testimony just as you would the testimony of any witness.

**Request No. 22**
**Defendant's Prior Bad Acts or Crimes (F.R.E. 404(b)) – (If Applicable)**

*(Source: Third Circuit Jury Instruction § 4.29)*

You have heard testimony that Kaival Patel (*summarize the other act evidence*).  This evidence of other act(s) was admitted only for a limited purpose. You may consider this evidence only for the purpose of deciding whether Kaival Patel (describe the precise purpose or purposes for which the other act evidence was admitted: for example (*Pick those of the following, or other reasons, that apply)), had the state of mind, knowledge, or intent necessary to commit the crime charged in the Indictment; or had a motive or the opportunity to commit the acts charged in the Indictment; or was preparing or planning to commit the acts charged in the Indictment; or acted with a method of operation as evidenced by a unique pattern (describe); or did not commit the acts for which Kaival Patel is on trial by accident or mistake; or is the person who committed the crime charged in the Indictment*.)

You may consider this evidence to help you decide (*describe how the evidence will be used to prove identity*).  Do not consider this evidence for any other purpose. Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered.  You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

Kaival Patel is not on trial for committing these other acts.  You may not

33

consider the evidence of these other acts as a substitute for proof that Kaival Patel committed the crime(s) charged.  You may not consider this evidence as proof that Kaival Patel has a bad character or any propensity to commit crimes.  Specifically, you may not use this evidence to conclude that because Kaival Patel may have committed the other act(s), he must also have committed the act(s) charged in the Indictment.

Remember that Kaival Patel is on trial here only for the charges alleged in the Indictment, and not for these other acts.  Do not return a guilty verdict unless the Government proves the crime(s) charged in the Indictment beyond a reasonable doubt.

**Request No. 23**
**Consciousness of Guilt**

*(Source: Third Circuit Jury Instruction § 4.30)*

You have heard testimony that after the crime was supposed to have been committed, Kaival Patel told Sanketa Patel he was sorry, conferred with Dr. Saurabh Patel to ensure that Dr. Patel's medical charts matched the compound prescription medications that Dr. Patel prescribed, and conferred with Paul Camarda and Jason Joseph to align their stories.

If you believe that Kaival Patel took these actions, then you may consider this conduct, along with all the other evidence, in deciding whether the Government has proved beyond a reasonable doubt that he committed the crime charged. This conduct may indicate that he thought he was guilty of the crime charged and was trying to avoid punishment. On the other hand, sometimes an innocent person may take these actions for some other reason. Whether or not this evidence causes you to find that Kaival Patel was conscious of his guilt of the crime charged, and whether that indicates that he committed the crime charged, is entirely up to you as the sole judges of the facts.

**Request No. 24**
**Consciousness of Guilt (False Exculpatory Statements)**

*(Source: Third Circuit Jury Instruction § 4.31)*

You have heard testimony that Kaival Patel made certain statements outside the courtroom to federal agents in which he claimed that his conduct was consistent with innocence and not with guilt.  The Government claims that these statements are false.

Kaival Patel has been charged in Count 6 with making false statements to federal agents, and I will give you instructions on the elements of that crime.  In addition if you find that Kaival Patel made a false statement in order to direct the attention of law enforcement away from himself, you may, but are not required to conclude that Kaival Patel believed that he was guilty of other charged crimes.  It is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence. You may not, however, conclude on the basis of this alone, that Kaival Patel is, in fact, guilty of the other charged crimes.  You must decide whether or not the evidence as to Kaival Patel shows that he believed that he was guilty, and the significance, if any, to be attached to this evidence.  In your evaluation, you may consider that there may be reasons — fully consistent with innocence — that could cause a person to give a false statement that he/she did not commit a crime.  Fear of law enforcement, reluctance to become involved, or simple mistake may cause an

36

innocent person to give such a statement or explanation.

**Request No. 25**
**Impeachment of Defendant – Prior Bad Acts (F.R.E. 608(b)) (If applicable)**

*(Source: Third Circuit Jury Instruction § 4.35)*

You heard evidence that Kaival Patel on a previous occasion committed *(described bad act elicited on cross-examination of defendant)*.  You may consider that evidence only to help you decide whether to believe Kaival Patel's testimony and how much weight to give it.  That evidence does not mean that Kaival Patel committed the crimes charged here, and you must not use that evidence as any proof of the crimes charged in this case.

**Request No. 26**
**Impeachment of Defendant - Prior Inconsistent Statement Not Taken**
**in Violation of *Miranda (if necessary)***

*(Source: Third Circuit Jury Instruction § 4.38)*

You will recall that Kaival Patel testified during the trial on his own behalf. You will also recall that there was evidence that Kaival Patel made (a statement)(certain statements) before trial. (*Describe the statement(s) to differentiate it from those admitted just to impeach*.) (This)(These) earlier statement(s) by Kaival Patel (was)(were) brought to your attention in part to help you decide if you believe what Kaival Patel testified to here in court.  If you find that Kaival Patel once said something different, then you should decide if what he said here in court was true.

In addition, however, you may consider the earlier statement(s) as evidence of Kaival Patel's guilt.

**Request No. 27**
**Defendant's Character Evidence (If applicable)**

*(Source: Third Circuit Jury Instruction § 4.39)*

You have heard (*reputation*)(*opinion*)(*reputation and opinion*) evidence about whether Kaival Patel has a character trait for (*name trait, such as truthfulness, peacefulness, honesty, being a law-abiding citizen, etc.*).  You should consider this character evidence together with and in the same way as all the other evidence in the case in deciding whether the Government has proved the charge(s) beyond a reasonable doubt.

40

## Request No. 28
## Impeachment of Defendant's Character Witness (If applicable)

*(Source: Third Circuit Jury Instruction § 4.40)*

If character witness testified to reputation: You heard (name of witness) testify about Kaival Patel's reputation for (insert character trait covered by testimony).  On cross-examination of (name of witness), the prosecutor asked (him)(her) some questions about whether (he)(she) had heard that (briefly describe the subject of the cross-examination on the character trait, e.g., defendant was convicted of fraud on an earlier occasion).  The prosecutor was allowed to ask these questions only to test whether (name of witness) was familiar with the reputation of Kaival Patel in the community.  This is not evidence that the acts described in these questions actually occurred.  You may not use the information developed by the prosecutor on this subject for any other purpose.  Specifically, you may not use this information to conclude that Kaival Patel committed the act(s) charged in the Indictment or as proof that Kaival Patel has a bad character or any propensity to commit crimes.

If character witness testified to opinion: You heard (name of witness) testify about Kaival Patel's character for (insert character trait covered by testimony).  On cross-examination of (name of witness), the prosecutor asked (him)(her) some questions about whether (he)(she) knew that (briefly describe the subject of the cross-examination on the character trait, e.g., defendant was convicted of fraud on an earlier occasion).  The prosecutor was allowed to ask these questions only to test

41

whether (name of witness) had a good basis for (his)(her) opinion of Kaival Patel's character.  This is not evidence that the acts described in these questions actually occurred.  You may not use the information developed by the prosecutor on this subject for any other purpose.  Specifically, you may not use this information to conclude that Kaival Patel committed the act(s) charged in the Indictment or as proof that Kaival Patel has a bad character or any propensity to commit crimes.

**Request No. 29**
**Proof of Mental States**

*(Source: Third Circuit Jury Instruction § 5.01 (modified))*

In deciding whether the Government has met its burden of proof regarding the elements of the charged crime, you must decide if the Government has proved that Kaival Patel had certain states of mind at the time of the charged crimes.  Often the state of mind, such as intent or knowledge with which a person acts at any given time cannot be proved directly, because one cannot read another person's mind and tell what he or she is thinking.  However, Kaival Patel's state of mind can be proved indirectly from the surrounding circumstances.  Thus, to determine Kaival Patel's state of mind, such as what one intended or knew at a particular time, you may consider evidence about what Kaival Patel said, did, and failed to do, how Kaival Patel acted, and all the other facts and circumstances shown by the evidence that may prove what was in Kaival Patel's mind at that time. It is entirely up to you to decide what the evidence presented during this trial proves, or fails to prove, about Kaival Patel's state of mind.

You may also consider the natural and probable results or consequences of any acts Kaival Patel knowingly did, and whether it is reasonable to conclude that Kaival Patel intended those results or consequences.  You may find, but you are not required to find, that Kaival Patel knew and intended the natural and probable consequences or results of acts he knowingly did.  This means that if you find that

43

an ordinary person in Kaival Patel's situation would have naturally realized that certain consequences would result from his actions, then you may find, but you are not required to find, that Kaival Patel did know and did intend that those consequences would result from his actions.  This is entirely up to you to decide as the finders of facts – you, the jurors – in this case.

**Request No. 30**
**"Knowingly" Defined**

*(Source: Third Circuit Jury Instruction § 5.02)*

All of the offenses charged in the Indictment require that the Government prove that Kaival Patel acted "knowingly" with respect to certain elements. A person acts "knowingly" if that person acts voluntarily and intentionally and not because of mistake or accident or other innocent reason. This means that the Government must prove beyond a reasonable doubt that Kaival Patel was conscious and aware of the nature of his actions and of the surrounding facts and circumstances, as specified in the definition of the offenses charged.

In deciding whether Kaival Patel acted "knowingly," you may consider evidence about what Kaival Patel said, did, and failed to do, how Kaival Patel acted, and all the other facts and circumstances shown by the evidence that may prove what was in Kaival Patel's mind at that time.

**Request No. 31**
**"Intentionally" Defined**
*(Source: Third Circuit Jury Instruction § 5.03)*

Certain offenses charged in the Indictment require that the Government prove that Kaival Patel acted "intentionally" or "with intent" with respect to certain elements of those offenses. This means that the Government must prove beyond a reasonable doubt either that: (1) it was Kaival Patel's conscious desire or purpose to act in a certain way or to cause a certain result, or that (2) Kaival Patel knew that he was acting in that way or would be practically certain to cause that result.

In deciding whether Kaival Patel acted "intentionally" or "with intent," you may consider evidence about what he said, what he did and failed to do, how he acted, and all the other facts and circumstances shown by the evidence that may prove what was in Kaival Patel's mind at that time.

**Request No. 32**
**"Willfully" Defined**

*(Source: Third Circuit Jury Instruction § 5.05)*

Certain offenses charged in the Indictment require the Government to prove that Kaival Patel acted "willfully" with respect to certain elements.  This means that the Government must prove beyond a reasonable doubt that Kaival Patel knew that his conduct was unlawful and intended to do something that the law forbids.  That is, to find that Kaival Patel acted willfully, you must find that the evidence presented at trial proved beyond a reasonable doubt that he acted with a purpose to disobey or disregard the law.

"Willfully" does not, however, require proof that Kaival Patel had any evil motive or bad purpose other than the purpose to disobey or disregard the law.  Nor does the Government have to prove that Kaival Patel knew of the existence and meaning of the federal statutes making his conduct criminal.

**Request No. 33**
**Motive Explained**

*(Source: Third Circuit Jury Instruction § 5.04)*

Motive is not an element of the offenses with which Kaival Patel is charged. Proof of bad motive is not required to convict. Further, proof of bad motive alone does not establish that Kaival Patel is guilty and proof of good motive alone does not establish that Kaival Patel is not guilty. Evidence of Kaival Patel's motive may, however, help you find Kaival Patel's intent.

Intent and motive are different concepts. Motive is what prompts a person to act. Intent refers only to the state of mind with which the particular act is done.

Personal advancement and financial gain, for example, are motives for much of human conduct. However, these motives may prompt one person to intentionally do something perfectly acceptable while prompting another person to intentionally do an act that is a crime.

48

**Request No. 34**
**Willful Blindness (Deliberate Ignorance) (If applicable)**

*(Source: Third Circuit Jury Instructions § 5.06)*

To find Kaival Patel guilty of conspiracy to commit health care fraud and wire fraud, you must find that the Government proved beyond a reasonable doubt that Kaival Patel knew the object of the conspiracy was to commit health care fraud or wire fraud by facilitating the prescribing of medically unnecessary prescriptions in order to generate a profit.

To find Kaival Patel guilty of health care fraud, you must find that the Government proved beyond a reasonable doubt that Kaival Patel knowingly and willfully executed a scheme to defraud a health care benefit program.

To find Kaival Patel guilty of conspiracy to commit money laundering by engaging in monetary transactions involving criminally derived property, you must find that the Government proved beyond a reasonable doubt that Kaival Patel knew the object of the conspiracy was to engage in a monetary transaction involving criminally derived property of a value greater than $10,000. To find Kaival Patel guilty of money laundering by engaging in monetary transactions involving criminally derived property, you must find that the Government proved beyond a reasonable doubt that Kaival Patel knowingly engaged in a monetary transaction and that he knew that the monetary transaction involved criminal derived property.

49

In this case, there is a question whether Kaival Patel knew *(state the fact or circumstance, knowledge of which is required for the offense)*.  When, as in this case, knowledge of a particular fact or circumstance is an essential part of the offense charged, the Government may prove that Kaival Patel knew of that fact or circumstance if the evidence proves beyond a reasonable doubt that Kaival Patel deliberately closed his eyes to what would otherwise have been obvious to him/ her.

No one can avoid responsibility for a crime by deliberately ignoring what is obvious.  Thus, you may find that Kaival Patel knowingly committed a charged offense based on evidence which proves that: (1) Kaival Patel himself actually or subjectively believed that there was a high probability that this fact or circumstance existed, and (2) Kaival Patel consciously took deliberate actions to avoid learning or made deliberate efforts to avoid knowing about the existence of this fact or circumstance.

You may not find that Kaival Patel knew the fact or circumstance if you find that Kaival Patel actually believed that this fact or circumstance did not exist.  Also, you may not find that Kaival Patel knew the fact or circumstance if you find only that Kaival Patel consciously disregarded a risk that the fact or circumstance existed, or that Kaival Patel should have known that the fact or circumstance existed, or that a reasonable person would have known of a high probability that the fact or circumstance existed.  It is not enough that Kaival Patel may have been reckless or

stupid or foolish, or may have acted out of inadvertence or accident.  You must find that Kaival Patel himself actually or subjectively believed there was a high probability of the existence of the fact or circumstance, consciously took deliberate actions to avoid learning it, or made deliberate efforts to avoid knowing about it, and did not actually believe that it did not exist.

**Request No. 35**
**Use of Conjunctive**

Upon reading the Indictment, you may notice that the word "and" is used between other charging words.  For example, Count One of the Indictment charges Kaival Patel with conspiracy to commit health care fraud and wire fraud.  Although the Indictment is written that way, you are specifically instructed that it is sufficient for the Government to prove that Kaival Patel did one of the acts charged in the applicable count of the Indictment.  For example, the Government need only prove that Kaival Patel conspired to commit health care fraud or conspired to commit wire fraud.  In other words, you should treat the word "and" as really being the word "or."

**Request No. 36**
**Count 1 – Conspiracy to Commit Health Care Fraud and Wire Fraud**

(*Source: Third Circuit Jury Instructions § 6.18.371A & comment (Specific Federal Conspiracy Statutes) and § 6.18.1347 comment*)

Count 1 of the Indictment charges that from in or about June 2015 through in or about May 2017, in the District of New Jersey, and elsewhere, Kaival Patel knowingly and intentionally conspired and agreed with Dr. Saurabh Patel, Paul Camarda, and others to commit certain offenses, namely: (1) to commit health care fraud; or (b) to commit wire fraud.

It is a federal crime for two or more persons to agree or conspire to commit any offense against the United States, even if they never actually achieve their objective.  A conspiracy is a kind of criminal partnership.

The Government does not have to prove that all the people named in the Indictment were members of the plan, or that those who were members made any kind of formal agreement.  The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

In order for you to find Kaival Patel guilty of conspiracy to commit health care fraud or wire fraud, you must find that the Government proved beyond a reasonable doubt each of the following three (3) elements:

First:  Two or more persons agreed to commit health care fraud or wire fraud, as charged in the Indictment;

Second: Kaival Patel was a party to or member of that agreement; and

Third:   Kaival Patel joined the agreement or conspiracy knowing of its objective to commit health care fraud or wire fraud and intending to join together with at least one other alleged conspirator to achieve that objective; that is, Kaival Patel and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective to commit health care fraud or wire fraud.

I will explain each of these elements in more detail.

**Request No. 37**

**Count 1 – Conspiracy to Commit Health Care Fraud & Wire Fraud
Element 1 – Existence of the Agreement**

*(Source: Third Circuit Jury Instructions § 6.18.371C)*

The first element of the crime of conspiracy is the existence of an agreement. The Government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve the overall objective of the conspiracy, to commit health care fraud and wire fraud.

The Government does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding. The Government also does not have to prove that all the members of the conspiracy directly met, or discussed between themselves their unlawful objectives, or agreed to all the details, or agreed to what the means were by which the objectives would be accomplished. The Government is not even required to prove that all the people named in the Indictment were, in fact, parties to the agreement, or that all members of the alleged conspiracy were named, or that all members of the conspiracy are even known. What the Government must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

55

You may consider both direct evidence and circumstantial evidence in deciding whether the Government has proved beyond a reasonable doubt that an agreement or mutual understanding existed.  You may find the existence of a conspiracy based on reasonable inferences drawn from the actions and statements of the alleged members of the conspiracy, from the circumstances surrounding the scheme, and from evidence of related facts and circumstances which prove that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived agreement, scheme, or understanding.

The Indictment charges a conspiracy to commit two different federal crimes: health care fraud and wire fraud.  The Government does not have to prove that the alleged conspirators agreed to commit both of these crimes.  The Government, however, must prove that they agreed to commit at least one of the object crimes, and you must unanimously agree on which crime.  You cannot find a defendant guilty of conspiracy unless you unanimously agree that the same federal crime was the object of the conspiracy.  It is not enough if some of you agree that one of the charged crimes was the object of the conspiracy and others agree that a different crime was the object of the conspiracy.

**Request No. 38**

**Count 1 – Conspiracy to Commit Health Care Fraud & Wire Fraud
Element 2 – Membership in the Agreement**

*(Source: Third Circuit Jury Instructions § 6.18.371D)*

If you find that a criminal agreement or conspiracy existed, then in order to find Kaival Patel guilty of conspiracy, you must also find that the Government proved beyond a reasonable doubt that Kaival Patel knowingly and intentionally joined that agreement or conspiracy during its existence. The Government must prove that Kaival Patel knew the goal or objective of the agreement or conspiracy and voluntarily joined it during its existence, intending to achieve the common goal or objective and to work together with the other alleged conspirators toward that goal or objective.

The Government need not prove that Kaival Patel knew everything about the conspiracy or that he knew everyone involved in it, or that he was a member from the beginning. The Government also does not have to prove that Kaival Patel played a major or substantial role in the conspiracy.

You may consider both direct evidence and circumstantial evidence in deciding whether Kaival Patel joined the conspiracy, knew of its criminal objective, and intended to further the objective. Evidence which shows that Kaival Patel only knew about the conspiracy, or only kept "bad company" by associating with members of the conspiracy or was only present when it was discussed or when a

57

crime was committed, is not sufficient to prove that Kaival Patel was a member of the conspiracy even if he approved of what was happening or did not object to it. Likewise, evidence showing that Kaival Patel may have done something that happened to help a conspiracy does not necessarily prove that he joined the conspiracy. You may, however, consider this evidence, with all the other evidence, in deciding whether the Government proved beyond a reasonable doubt that Kaival Patel joined the conspiracy.

**Request No. 39**

**Count 1 – Conspiracy to Commit Health Care Fraud and Wire Fraud**

**Element 3 – Mental State**

*(Source: Third Circuit Jury Instructions § 6.18.371E)*

In order to find Kaival Patel guilty of conspiracy, you must find that the Government proved beyond a reasonable doubt that he joined the conspiracy knowing of an objective and intending to help further or achieve an objective. That is, the Government must prove: (1) that Kaival Patel knew of the objective, or goal, of the conspiracy, (2) that Kaival Patel joined the conspiracy intending to help further or achieve that that goal or objective, and (3) that Kaival Patel and at least one other alleged conspirator shared a unity of purpose toward that objective or goal.

You may consider both direct evidence and circumstantial evidence, including Kaival Patel's words or conduct and other facts and circumstances, in deciding whether he had the required knowledge and intent.

**Request No. 40**

**Count 1 – Conspiracy to Commit Health Care Fraud and Wire Fraud**

**Conspiracy – Success Immaterial**

*(Source: Third Circuit Jury Instructions § 6.18.371G)*

The Government is not required to prove that the members of the conspiracy were successful in achieving any or all of the objectives of the conspiracy.  You may find Kaival Patel guilty of conspiracy if you find that the Government proved beyond a reasonable doubt the elements I have explained, even if you find that the Government did not prove that any of the conspirators actually committed health care fraud or wire fraud.  Conspiracy is a criminal offense separate from the offenses that were the objectives of the conspiracy; conspiracy is complete without the commission of those offenses.

**Request No. 41**

**Count 1 – Conspiracy to Commit Health Care Fraud and Wire Fraud**

**Conspiracy – Duration**

*(Source: Third Circuit Jury Instructions § 6.18.371I)*

A conspiracy ends when the objectives of the conspiracy have been achieved or when all members of the conspiracy have withdrawn from it.  However, a conspiracy may be a continuing conspiracy and if it is, it lasts until there is some affirmative showing that it has ended or that all its members have withdrawn.  A conspiracy may be a continuing one if the agreement includes an understanding that the conspiracy will continue over time.  Also, a conspiracy may have a continuing purpose or objective and, therefore, may be a continuing conspiracy.

**Request No. 42**

**Count 1 – Conspiracy to Commit Health Care Fraud and Wire Fraud**

**Conspiracy – Acts and Statements of Co-Conspirators**

*(Source: Third Circuit Jury Instructions § 6.18.371K)*

Evidence has been admitted in this case that certain persons, who are alleged to be co-conspirators of Kaival Patel, did or said certain things. The acts or statements of any member of a conspiracy are treated as the acts or statements of all the members of the conspiracy, if these acts or statements were performed or spoken during the existence of the conspiracy and to further the objectives of the conspiracy.

Therefore, you may consider as evidence against Kaival Patel any acts done or statements made by any members of the conspiracy, during the existence of and to further the objectives of the conspiracy. You may consider these acts and statements even if they were done and made in Kaival Patel's absence and without his knowledge. As with all the evidence presented in this case, it is for you to decide whether you believe this evidence and how much weight to give it.

Acts done or statements made by an alleged co-conspirator before Kaival Patel joined the alleged conspiracy may also be considered by you as evidence against him. However, acts done or statements made before the alleged conspiracy began or after it ended may only be considered by you as evidence against the person who performed that act or made that statement.

**Request No. 43**

**Wire Fraud**
**Wire Fraud - Elements of the Offense (18 U.S.C. § 1343)**

*(Source: Third Circuit Jury Instructions § 6.18.1343)*

Kaival Patel is charged with conspiring to violate 18 U.S.C. § 1343, the wire fraud statute.  It is against federal law to commit wire fraud.  The elements of wire fraud are:

First: That Kaival Patel knowingly devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises or willfully participated in such a scheme with knowledge of its fraudulent nature;

Second: That Kaival Patel acted with the intent to defraud;

Third: That in advancing, furthering, or carrying out the scheme, a member of the scheme transmitted or caused to be transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

63

**Request No. 44**

**Wire Fraud**

**First Element: "Scheme to Defraud or to Obtain Money or Property" Defined**

*(Source: Third Circuit Jury Instructions § 6.18.1341-1)*

The first element of wire fraud is that Kaival Patel knowingly devised or willfully participated in a scheme to defraud the victim (e.g., health insurance companies) of money or property by materially false or fraudulent pretenses, representations or promises.

A "scheme" is merely a plan for accomplishing an object.

"Fraud" is a general term which embraces all the various means by which one person can gain an advantage over another by false representations, suppression of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is any plan, device, or course of action to deprive another of money or property by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence.

In this case, the Indictment alleges that the scheme to defraud was carried out by making false or fraudulent statements, representations, or claims. The representations which the Government charges were made as part of the scheme to defraud are set forth in the Indictment.

64

The Government is not required to prove every misrepresentation charged in the Indictment.  It is sufficient if the Government proves beyond a reasonable doubt that one or more of the alleged material misrepresentations were made in furtherance of the alleged scheme to defraud.  However, you cannot convict Kaival Patel for conspiracy to commit wire fraud unless all of you agree as to at least one of the material misrepresentations.

A statement, representation, claim, or document is false if it is untrue when made and if the person making the statement, representation, claim or document or causing it to be made knew it was untrue at the time it was made.  A representation or statement is fraudulent if it was falsely made with the intention to deceive.

In addition, deceitful statements of half-truths or the concealment of material facts or the expression of an opinion not honestly entertained may constitute false or fraudulent statements.  The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance.  The deception need not be premised upon spoken or written words alone. If there is deception, the manner in which it is accomplished is immaterial, which means unimportant.

The false or fraudulent representation (*or failure to disclose*) must relate to a material fact or matter.  A "material fact" is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the

representation or statement in making a decision (*e.g.*, the decision by a health insurance company to reimburse a claim for a prescription medication).

This means that if you find that a particular statement of fact was false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half-truths or omissions of material facts.

In order to establish a scheme to defraud, the Government must also prove that the alleged scheme contemplated depriving another of money or property. However, the Government is not required to prove that Kaival Patel himself originated the scheme to defraud. Furthermore, it is not necessary that the Government prove that Kaival Patel actually realized any gain from the scheme or that any intended victim actually suffered any loss.

If you find that the Government has proved beyond a reasonable doubt that the scheme to defraud charged in the Indictment did exist and that Kaival Patel knowingly devised or participated in the scheme charged in the Indictment, you should then consider the second element.

**Request No. 45**

**Wire Fraud**
**Second Element: Wire Fraud – "Intent to Defraud" Defined**

*(Source: Third Circuit Jury Instructions § 6.18.1341-4)*

The second element of wire fraud is that Kaival Patel acted with the specific intent to defraud.

To act with an "intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat.

In considering whether Kaival Patel acted with an intent to defraud, you may consider, among other things, whether Kaival Patel acted with desire or purpose to bring about some gain or benefit to himself or someone else or with a desire or purpose to cause some loss to someone.

67

**Request No. 46**

**Wire Fraud**
**Third Element: Wire Fraud – "Transmits by means of wire, radio, or television communication in interstate commerce"**

*(Source: Third Circuit Jury Instructions § 6.18.1343-1)*

The third element of wire fraud is that in advancing, furthering, or carrying out the scheme, a member of the scheme transmitted, or caused to be transmitted, a writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of a writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

The phrase "transmits by means of wire, radio, or television communication in interstate commerce" means to send from one state to another by means of telephone or telegraph lines or by means of radio or television. The phrase includes a telephone conversation by a person in one state with a person in another state, or electronic signals sent from one state to another, such as by fax or financial wire. The use of the Internet to send a message, such as an e-mail, or to communicate with a website may constitute a wire transmission in interstate commerce.

The Government is not required to prove that Kaival Patel actually used a wire communication in interstate commerce or that Kaival Patel even intended that anything be transmitted in interstate commerce by means of a wire, radio, or television communication to further, or to advance, or to carry out the scheme or

plan to defraud (*or scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises*).

However, the Government must prove beyond a reasonable doubt that a transmission by a wire, radio, or television communication facility in interstate commerce was, in fact, used in some manner to further, or to advance, or to carry out the scheme to defraud.  The Government must also prove either that Kaival Patel used wire, radio, or television communication in interstate commerce, or that Kaival Patel knew the use of the wire, radio, or television communication in interstate commerce would follow in the ordinary course of business or events, or that Kaival Patel should reasonably have anticipated that wire, radio, or television communication in interstate commerce would be used.

It is not necessary that the information transmitted by means of wire, radio, or television communication in interstate commerce itself was false or fraudulent or contained any false or fraudulent pretense, representation, or promise, or contained any request for money or thing of value.

However, the Government must prove beyond a reasonable doubt that the use of the wire, radio, or television communication in interstate commerce furthered, or advanced, or carried out, in some way, the scheme.

**Request No. 47**

**Counts 2-5 – Health Care Fraud**
**Health Care Fraud - Elements of the Offense (18 U.S.C. § 1347)**

*(Source: Third Circuit Jury Instructions § 6.18.1347 (modified) & comment)*

I will now instruct you on the substantive offense of health care fraud.  Counts 2-5 of the Indictment charge Kaival Patel with substantive counts of health care fraud, which is a violation of federal law.

In order to find Kaival Patel guilty of this offense, you must find that the Government proved each of the following two (2) elements beyond a reasonable doubt:

First: Kaival Patel knowingly and willfully executed or attempted to execute a scheme to defraud a victim or to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of a victim in connection with the delivery of or payment for health care benefits, items, or services; and

Second: The victim was a public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual.

70

**Request No. 48**

**Counts 2-5 – Health Care Fraud
Element 1**

I instructed you previously on the definition of "knowingly" and "willfully" and I instructed you on the element of a scheme to defraud when I instructed you on the elements of wire fraud.  Those same instructions and definitions are applicable to the first element of Counts 2-5.

**Request No. 49**

**Counts 2-5: Health Care Fraud**
**Health Care Fraud - Affecting Interstate Commerce**

*(Source: Third Circuit Jury Instructions § 6.18.1347-2)*

The Government must prove beyond a reasonable doubt that the health benefit plan or contract affected or could have affected interstate commerce. Affecting interstate commerce means any action, which in any way, interferes with, changes, or alters the movement or transportation or flow of goods, merchandise, money, or other property in commerce between or among the states. The effect can be minimal.

**Request No. 50**

**Counts 2-5 – Health Care Fraud**

**Responsibility For Substantive Offenses Committed By Co-Conspirators (*Pinkerton* Liability)**

*(Source: Third Circuit Jury Instructions § 7.03)*

Counts 2-5 of the Indictment charge that, on or about the dates listed in those counts, in the District of New Jersey and elsewhere, Kaival Patel committed health care fraud.

The Government may prove Kaival Patel guilty of these offenses by proving that he personally committed them.  The Government may also prove Kaival Patel guilty of these offenses based on the legal rule that each member of a conspiracy is responsible for crimes and other acts committed by the other members, as long as those crimes and acts were committed to help further or achieve the objective of the conspiracy and were reasonably foreseeable to Kaival Patel as a necessary or natural consequence of the agreement.  In other words, under certain circumstances the act of one conspirator may be treated as the act of all.  This means that all the conspirators may be convicted of a crime committed by any one or more of them, even though they did not all personally participate in that crime themselves.

In order for you to find Kaival Patel guilty of health care fraud charged in Counts 2-5 based on this legal rule, you must find that the Government proved beyond a reasonable doubt each of the following four (4) requirements:

73

<u>First</u>: That Kaival Patel was a member of the conspiracy charged in the Indictment;

<u>Second</u>: That while Kaival Patel was still a member of the conspiracy, one or more of the other members of the conspiracy committed the offenses charged in Counts 2-5, by committing each of the elements of those offenses, as I explained those elements to you in these instructions.  However, the other member of the conspiracy need not have been found guilty of (or even charged with) the offenses, as long as you find that the Government proved beyond a reasonable doubt that the other member committed the offenses.

<u>Third</u>: That the other member of the conspiracy committed these offenses within the scope of the unlawful agreement and to help further or achieve the objectives of the conspiracy; and

<u>Fourth</u>: That these offenses were reasonably foreseeable to or reasonably anticipated by Kaival Patel as a necessary or natural consequence of the unlawful agreement.

The Government does not have to prove that Kaival Patel specifically agreed or knew that these offenses would be committed.  However, the Government must prove that the offenses were reasonably foreseeable to Kaival Patel, as a member of the conspiracy, and within the scope of the agreement as he understood it.

**Request No. 51**

**Count 6 – Making False Statements**

*(Sources: United States v. Moyer, 674 F.3d 192, 213 (3d Cir. 2012); Fifth Circuit Pattern Jury Instructions § 2.45; Sixth Circuit Pattern Criminal Jury Instructions § 13.02; Seventh Circuit Pattern Jury Instructions – 18 U.S.C. § 1001; Eleventh Circuit Model Jury Instruction § O36.*

Count 6 of the Indictment charges that on or about March 18, 2021, in the District of New Jersey and elsewhere, Kaival Patel did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States

In order for you to find Kaival Patel guilty of making false statements, you must find that the Government proved beyond a reasonable doubt each of the following five elements:

First:  That Kaival Patel made a statement;

Second: That the statement was false, fictitious, or fraudulent;

Third: That the false statement was made knowingly and willfully;

Fourth: That the statement was material; and

Fifth: That the statement was made in a matter within the jurisdiction of the executive branch of the Government of the United States.

I will explain these elements in more detail.

75

**Request No. 52**

**Count 6 – Making False Statements**
**Element 2 – False or Fictitious Statement defined**

*(Sources: United States v. Harra, No. 19-1105, 2021 WL 97446 (3d Cir. Jan. 12, 2021); Sixth Circuit Pattern Criminal Jury Instructions § 13.02; Seventh Circuit Pattern Jury Instructions – 18 U.S.C. § 1001)*

A statement is "false" or "fictitious" if it was untrue when it was made.  A statement is "fraudulent" if it was untrue when it was made and Kaival Patel intended to deceive.  The Government does not have to show that the Governmental agency or department was, in fact, deceived or misled.

The Government need not prove that the statement was false **and** fictitious **and** fraudulent.  It is sufficient for the Government to prove that the statement was either false **or** fictitious **or** fraudulent.

**Count 6 – Making False Statements**
**Element 3 – Mental State**

*(Sources: United States v. Starnes, 583 F.3d 196, 211 (3d Cir. 2009); United States v. Moyer, 674 F.3d 192, 214 (3d Cir. 2012))*

I already instructed you on the mental states of knowingly and willfully. Those same instructions and definitions are applicable to the second element of Count 6.

To establish knowing and willful conduct in the making of a false statement, the Government must show that Kaival Patel acted deliberately and with knowledge that the statement was false, and was aware, at least in a general sense, that his conduct was unlawful.

**Request No. 53**

**Count 6 – Making False Statements
Element 4 – Materiality defined**

*(Sources: United States v. Moyer, 674 F.3d 192, 214 (3d Cir. 2012); Sixth Circuit
Pattern Criminal Jury Instructions § 13.02; Seventh Circuit Pattern Jury
Instructions – 18 U.S.C. § 1001; Eleventh Circuit Model Jury Instruction § O36)*

A "material" statement or representation is an important fact—not some
unimportant or trivial detail—that has the natural tendency to influence or is capable
of influencing a decision of a department or agency. The Government is not required
to prove that the statement actually influenced the actions of the department or
agency. Statements are material when they are aimed at misdirecting agents and
their investigation, even if they miss or stand no chance of succeeding.

**Request No. 54**

**Count 6 – Making False Statements**
**Element 5 – Pertaining to a matter within the jurisdiction of the federal government**

*(Sources: United States v. Starnes, 583 F.3d 196, 208 (3d Cir. 2009); Sixth Circuit Pattern Criminal Jury Instructions § 13.02; Seventh Circuit Pattern Jury Instructions – 18 U.S.C. § 1001; Eleventh Circuit Model Jury Instruction § O36)*

A statement pertains to a matter within the jurisdiction of the executive branch of the Government of the United States when it pertains to a matter in which the executive branch has the power to exercise authority.

**Request No. 55**

**Count 7 – Conspiracy to Commit Money Laundering By Transacting in Criminal Proceeds**

*(Source: Third Circuit Jury Instructions § 6.18.371A; Fifth Circuit Jury Instructions § 2.76C)*

Title 18, United States Code, Section 1956(h), makes it a crime for anyone to conspire to commit money laundering by transacting in criminal proceeds.

Count 7 of the Indictment charges that from in or about July 2015 through in or about July 2017 in the District of New Jersey, and elsewhere, Kaival Patel knowing that the property involved in the monetary transactions represented the proceeds of unlawful activity, did knowingly conspire and agree with Paul Camarda and others to engage in monetary transactions by, through and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from health care fraud and wire fraud.

In order for you to find Kaival Patel guilty of conspiracy to commit money laundering by transacting in criminal proceeds, you must find that the Government proved beyond a reasonable doubt each of the following three elements:

<u>First</u>: That two or more persons agreed to commit money laundering by transacting in criminal proceeds.  I will instruct you as to the elements of that offense shortly;

80

<u>Second</u>:  Kaival Patel was a party to or member of that agreement; and

<u>Third</u>:   Kaival Patel joined the agreement or conspiracy knowing of its objective to commit money laundering by transacting in criminal proceeds and intending to join together with at least one other alleged conspirator to achieve that objective; that is, Kaival Patel and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective to commit money laundering by transacting in criminal proceeds.

I already instructed you on the elements of the crime of conspiracy—that is, the existence of an agreement, membership in the agreement, and mental states of the individuals in the conspiracy.   Those same instructions are applicable to conspiracy to commit money laundering by transacting in criminal proceeds that is charged in Count 7.

**Request No. 56**

**Counts 8-12: Money Laundering by Transacting in Criminal Proceeds (18 U.S.C. § 1957)**

*(Sources: Third Circuit Model Jury Instruction § 6.18.1956; Sixth Circuit Pattern Criminal Jury Instructions § 11.06 (2019); Seventh Circuit Pattern Criminal Jury Instructions at 567 (2018); Eleventh Circuit Pattern Criminal Jury Instructions § O74.6 (2019); U.S. v. Richard, 234 F.3d 763 (1st Cir. 2000); 18 U.S.C. § 1956(c)(7)(F)).*

Counts 8-12 of the Indictment charge Kaival Patel with money laundering by transacting in criminal proceeds, which is a federal crime.

Title 18, United States Code, Section 1957, makes it a crime for a person to knowingly engage in, or attempt to engage in, a monetary transaction involving criminally derived property, in excess of $10,000, that is derived from specified unlawful activity.

For you to find Kaival Patel guilty of this crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

First: Kaival Patel knowingly engaged in a monetary transaction;

Second: The monetary transaction was of a value greater than $10,000;

Third: Kaival Patel knew that the monetary transaction involved criminally derived property;

Fourth: The criminally derived property was proceeds of a specified unlawful activity, that is either health care fraud or wire fraud;

Fifth: The monetary transaction took place within the United States.

82

The term "monetary transaction" means a deposit, withdrawal, transfer, receipt, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument by, through, or to a financial institution. "Monetary transaction" includes receiving or handing a check to another individual.

The term "financial institution" includes a bank insured by the Federal Deposit Insurance Corporation, a commercial bank, a private banker, a branch of a foreign bank in the United States, or any credit union.

The term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense. To satisfy this element, the Government must prove that Kaival Patel knew the property involved in the transaction represented proceeds from some form of unlawful activity that is a felony offense under state, federal, or foreign law. The Government is not required to prove that Kaival Patel knew what the unlawful activity was or that Kaival Patel knew that the offense from which the "criminally derived property" was derived constituted "specified unlawful activity" as defined by the statute.

"Interstate commerce" means commerce between any combination of states, territories or possessions of the United States. The Government is not required to prove that Kaival Patel's transactions with a financial institution themselves affected interstate commerce. The Government is required to prove only that the financial institutions or banks through which the financial transactions were conducted were

engaged in or had other activities which affected interstate commerce in any way or degree. Further, the Government is not required to prove that Kaival Patel knew of or intended the effect on interstate commerce, merely that such an effect occurred.

I instruct you as a matter of law that the term "specified unlawful activity" includes a violation of the health care fraud statute, as charged in this case, and the wire fraud statute. I have explained the elements of those statutes.

The term "proceeds," as used in these instructions, means any property, or any interest in property, that someone acquires or retains as a result of one or more specified unlawful activity. Proceeds may be derived from an already completed offense or from a completed phase of an ongoing offense.

The Government is not required to prove that all of the funds involved in the charged transactions were the proceeds of the specified unlawful activity. A monetary transaction involves "proceeds" of a specified unlawful activity even when proceeds of a specified unlawful activity are commingled in an account with funds obtained from legitimate sources. It is sufficient if the government proves beyond a reasonable doubt that at least part of the funds involved in a transaction represents such proceeds of specified unlawful activity.

**Request No. 57**

**Counts 2-5, 8-12**
**Accomplice Liability: Aiding and Abetting (18 U.S.C. § 2(a))**

*(Source: Third Circuit Jury Instructions § 7.02)*

Counts 2-5 and Counts 8-12 also charge aiding and abetting in addition to the substantive charges of health care fraud and money laundering.

A person may be guilty of an offense because he personally committed the offense himself or because he aided and abetted another person in committing the offense.  A person who has aided and abetted another person in committing an offense is often called an accomplice.  The person whom the accomplice aids and abets is known as the principal.

In order to find Kaival Patel guilty of health care fraud or money laundering because he aided and abetted another in committing these offenses, you must find that the Government proved beyond a reasonable doubt each of following four requirements:

First:  The individual committed the offenses charged by committing each of the elements of the offenses charged, as I have explained those elements to you in these instructions.  The individual need not have been charged with or found guilty of the offenses, however, as long as you find that the Government proved beyond a reasonable doubt that he committed the offenses.

Second:  That Kaival Patel knew that the offenses charged were going to be committed or were being committed by the individual, and

Third:  That Kaival Patel knowingly did some act for the purpose of aiding, assisting, soliciting, facilitating, encouraging the individual in committing the specific offenses charged and with the intent that the individual commit that those specific offenses, and

Fourth:  That Kaival Patel performed an act in furtherance of the offenses charged.

In deciding whether Kaival Patel had the required knowledge and intent to satisfy the third requirement for aiding and abetting, you may consider both direct and circumstantial evidence including Kaival Patel's words and actions and the other facts and circumstances.  However, evidence that Kaival Patel merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offenses is not enough for you to find him guilty as an aider and abetter.  If the evidence shows that Kaival Patel knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was Kaival Patel's intent and purpose to aid, assist, encourage, facilitate or otherwise associate himself with the offense, you may not find Kaival Patel guilty of the offenses as an aider and abettor.  The Government must prove beyond a reasonable doubt that Kaival Patel in some way

participated in the offense committed by (name of alleged principal) as something Kaival Patel wished to bring about and to make succeed.

To show that Kaival Patel performed an act(s) in furtherance of the offenses charged, to satisfy the fourth requirement, the Government needs to show some affirmative participation by Kaival Patel which at least encouraged (name of alleged principal) to commit the offense. That is, you must find that Kaival Patel's act(s) did, in some way, aid, assist, facilitate, or encourage, (name of alleged principal) to commit the offenses. Kaival Patel's act(s) need not further aid, assist, facilitate, or encourage, every part or phase or element of the offenses charged; it is enough if Kaival Patel's acts further aid, assist, facilitate, or encourage, only one or some part(s) or phase(s) (elements) of the offenses. Also, Kaival Patel's acts need not themselves be against the law.

**Request No. 58**
**Venue**

*(Source: Third Circuit Jury Instruction § 3.09)*

The Indictment alleges that some act in furtherance of each offense charged occurred here in the District of New Jersey.  There is no requirement that all aspects of the offenses charged or that the entire conspiracy take place here in the District of New Jersey.  But for you to return a guilty verdict, the Government must convince you that some act in furtherance of the crime charged—either the agreement or one of the overt acts—took place here in the District of New Jersey.

Unlike all the elements that I have described, this fact only has to be proved by a preponderance of the evidence.  This means the Government only has to convince you that it is more likely than not that some act in furtherance of the crime charged or part of the conspiracy took place here.

Remember that the Government must prove all the elements I have described beyond a reasonable doubt.

**Request No. 59**

**Election of Spokesperson; Unanimous Verdict; Do Not Consider Punishment;
Duty to Deliberate; Communication with Court**

*(Source: Third Circuit Jury Instruction § 3.16)*

That concludes my instructions explaining the law regarding the testimony and other evidence, and the offenses charged. Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

First:        It is my custom to ask the juror in Seat 1, [*Name*], to act as your Spokesperson. This person will speak for the jury here in court. The views and vote of the spokesperson are entitled to no greater weight than those of any other juror.

Second:    I want to remind you that your verdict, whether it is guilty or not guilty, must be unanimous. To find Kaival Patel guilty of an offense, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves each element of that offense beyond a reasonable doubt. To find Kaival Patel not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Third:     If you decide that the Government has proved Kaival Patel guilty, then it will be my responsibility to decide what the appropriate punishment should be. You should never consider the possible punishment in reaching your verdict.

Fourth:    As I have said before, your verdict must be based only on the evidence received in this case and the law I have given you. You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be. What the verdict should be is the exclusive responsibility of the jury.

Fifth:     Now that all the evidence is in, the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach

89

unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience. Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved either defendant guilty beyond a reasonable doubt. No one will be allowed to hear our discussions in the jury room, and no record will be made of what you say. You should all feel free to speak your minds.

Remember, if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror]

Sixth:     Once you start deliberating, do not talk, communicate with, or provide any information about this case by any means to the court officials, or to me, or to anyone else except each other. During your deliberations, you may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, Instagram, LinkedIn, YouTube or Twitter, to communicate to anyone or share any information about this case or to conduct any research about this case.

Seventh:   If you have any questions or messages, your foreperson should write them down on a piece of paper, sign them, and then give them to the court official who will give them to me. I will first talk to the lawyers about what you have asked, and I will respond as soon as I can. In the meantime, if possible, continue with your deliberations on some other subject.

One more thing about messages.  Do not ever write down or tell anyone how you or anyone else voted. That should stay secret until you have finished your deliberations.  If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit on any offenses.

**Request No. 60**

**Verdict Form**

*(Source: Third Circuit Jury Instruction §§ 3.17 & 3.18)*

A verdict form has been prepared that you should use to record your verdicts. Take this form with you to the jury room.  When you have reached your unanimous verdicts, the spokesperson should write the verdicts on the form, date and sign it, return it to the courtroom and give the form to me.  If you decide that the Government has proved Kaival Patel guilty of any or all of the offenses charged beyond a reasonable doubt, say so by having your spokesperson mark the appropriate place on the form.  If you decide that the Government has not proved Kaival Patel guilty of some or all of the offenses charged beyond a reasonable doubt, say so by having your spokesperson mark the appropriate place on the form.