# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **UNITED STATES,**<br><br>v.<br><br>**KAIVAL PATEL.** | **Case No. 22–cr–00035–ESK**<br><br><br>**ORDER** |

**THIS MATTER** having come before the Court on defendant Kaival Patel's letter request to file belated motions for reconsideration and to dismiss the indictment (ECF No. 136 (Def.'s Letter)); and the Court finding:

1.    Defendant was charged in a January 19, 2022 indictment with 1) conspiracy to commit health care and wire fraud in violation of 18 U.S.C. § 1349 (Count 1), 2) health care fraud in violation of 18 U.S.C. §§ 2, 1347 (Counts 2 through 5), 3) false statements in violation of 18 U.S.C. § 1001(a)(2) (Count 6), 4) conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count 7), and 5) money laundering in violation of 18 U.S.C. §§ 2, 1957 (Counts 8 through 12).   (ECF No. 136–4.)   The claims arose from a scheme in which defendant and others received a percentage of money paid to compounding pharmacies from false or fraudulent insurance claims for prescriptions (Object 1).   (*Id.* p.6.)   Individuals were recruited and steered toward co-defendant's medical practice to both receive the prescriptions and permit insurance payments for visits and procedures (Object 2).   (*Id.*)

2.    Defendant moved to dismiss Count 1 of the indictment or, alternatively, for a bill of particulars.   (ECF No. 62 (Def.'s Mot. Dismiss).)   Defendant's motion was premised on the indictment's lack of clarity as to Object 2 because its allegations could have constituted a separate anti-kickback scheme or a variation of wire fraud.   (ECF No. 62–3 pp.5, 6.)   The indictment was also allegedly duplicitous as it combined elements of what would have been an anti-kickback conspiracy with conspiracy to commit wire and health care fraud.   (*Id.* pp.6–8.)   Finally, defendant argued that Count 1 was vague and confusing.   (*Id.* pp.8, 9.)   District Judge Robert B. Kugler (Ret.) denied the motion to dismiss.   (ECF No. 68.)

3.    Judge Kugler held a jury trial over 11 days in November and December 2023.   (ECF Nos. 86, 87, 88, 90, 91, 92, 93, 95, 98, 100, 101.)   Defendant moved for judgment of acquittal based on the government's alleged

failure to produce sufficient evidence. (ECF No. 115 (Dec. 4, 2023 Trial Tr.) pp. 1375:17 to 1376:14.) Judge Kugler denied the motion. (*Id.* p. 1376:15–19.) Judge Kugler also denied defendant's renewed motion. (ECF No. 116 (Dec. 5, 2023 Trial Tr.) p. 1585:4–8.) Defendant was found guilty on 11 of 12 counts, with the jury finding defendant not guilty as to the false-statements charge of Count 6. (ECF No. 105.) Sentencing is scheduled for November 18, 2024. (ECF No. 134.)

4. Defendant's letter seeks leave to file a belated motion for reconsideration of Judge Kugler's denial of his motion for judgment of acquittal and a belated motion to dismiss the indictment. (Def.'s Letter.) Defendant's request to file a belated motion to dismiss is premised on District Judge Brian Martinotti's recent dismissal of health care fraud and related conspiracy charges in *Unites States v. Mattia* (Case No. 21–00576). (*Id.* pp. 1–4.) The indictments in *Mattia* and this case are similar, according to defendant, in that the government failed to allege any misrepresentation or omission made in any insurance claim. (*Id.*) Defendant's belated motion for reconsideration is premised on the wire-fraud jury instruction's reference to the allegations in the indictment, which itself did not identify a misrepresentation or omission. (*Id.* pp. 4, 5.) This error was compounded by a confusing instruction on health care fraud and the government's summation. (*Id.* pp. 5, 6.) Belated motions for reconsideration are routinely considered, according to defendant. (ECF No. 140 (Def.'s Reply Letter) p. 1.) Further, the basis for the motion to dismiss was not "reasonably available" pretrial and excusable neglect exists for failure to previously file a motion, both based on *Mattia* being decided several months after trial. (*Id.* pp. 1, 2.)

5. The government counters that Federal Rule of Criminal Procedure 12(b)(3)(B) dictates that defendant's motion to dismiss was to be filed pretrial and the decision in *Mattia* does not constitute "good cause" for a belated filing. (ECF No. 139 (Gov't.'s Opp'n Letter) pp. 2, 3.) Similarly, the government argues that *Mattia* is not controlling law for the purposes of a motion for reconsideration and defendant further fails to identify any new evidence to consider. (*Id.* pp. 3, 4.) The predicates for the proposed motion for reconsideration—the indictment, jury instruction, and summation—are also distinct from Judge Kugler's denial of defendant's motion for judgment of acquittal based on insufficient evidence, according to the government. (*Id.* p. 4.)

6. Defendant has chosen not to file motions for reconsideration and to dismiss the indictment but rather seeks leave to file the motions. (Def.'s Letter.) I decline to reach the merits of the proposed motions that are not

before me.   Instead, I interpret defendant's letters as a request to extend the applicable deadlines for his proposed motions.   His request is denied.

7.   A challenge to an indictment, including allegations of lack of specificity and failure to state an offense, "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits."  Fed. R. Crim. P. 12(b)(3).  The Third Circuit has recognized that post-trial attacks on the sufficiency of an indictment are unfair to the government and courts considering such challenges "should construe the factual allegations in the indictment liberally in favor of its validity."   *United States v. Williams*, 591 F. App'x 78, 87 (3d Cir. 2014).

8.   A court may nonetheless consider an untimely Rule 12(b)(3) motion "if the party shows good cause."  Fed. R. Crim. P. 12(c)(3).   Good cause is not found when the alleged defect was known to the defendant pretrial.   *See United States v. Nwokedi*, 710 F. App'x 91, 93 (3d Cir. 2017) (noting that the defendant knew that evidence was destroyed prior to trial).

9.   Here, defendant argues both that the basis for his motion to dismiss the indictment was unavailable pretrial because *Mattia* had not yet been decided and that good cause nonetheless exists for a belated motion.   (Def.'s Reply Letter p.2.)  The asserted basis for dismissal is not *Mattia* itself, however, but rather the alleged failure to identify misrepresentations or omissions.   The *Mattia* decision may have highlighted this alleged deficiency, but it was unquestionably "reasonably available" prior to trial when defendant filed his unsuccessful motion to dismiss. (Def.'s Mot. Dismiss.)  Further, though defendant does not expound on his argument that good cause exists for an untimely motion, to the extent that *Mattia* purportedly provides good cause, "[h]olding out for a more favorable legal landscape is not an appropriate excuse for delay."   *United States v. Desu*, 23 F.4th 224, 232 (3d Cir. 2022) (affirming the rejection of a good-cause argument based on the defendant's decision to wait for lower courts to interpret the effect of *Marinello v. United States*, 584 U.S. 1 (2018)).   *Desu* is distinguishable from the facts of this case in that the relevant decision was available pretrial.   *Id.*   However, Judge Kugler would have been free to disregard or otherwise distinguish *Mattia* even if it had been available. *See Daubert v. NRA Grp., LLC*, 861 F.3d 382, 395 (3d Cir. 2017) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same [district] judge in a different case." (alteration in original) (quoting *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011))).

10.   A court may also extend the time to file a motion after the relevant deadline has expired upon a finding of excusable neglect.   Fed. R. Crim. P.

3

45(b)(1)(B). Such extensions are matters of equity and courts consider the length and reason for the delay, whether the movant had control over the delay, and whether the movant acted in good faith. *United States v. Singleton*, 639 F. App'x 158, 159 (3d Cir. 2016). I do not find that an extension is equitable here where the excusable neglect asserted is the citation of a non-binding opinion that was decided after defendant's trial.

11. Motions for reconsideration are not expressly authorized by the Federal Rules of Criminal Procedure, but may be filed pursuant to Local Civil Rules 1.1(a) and 7.1(i). *United States v. Torres*, Case No. 20–00418, 2024 WL 2316549, at *3 (D.N.J. May 21, 2024). Motions for reconsideration must be filed within 14 days after entry of the relevant order or judgment and include a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i). The fact that defendant's request was filed more than seven months after Judge Kugler's denial of his motion would alone serve as basis for denial. *See United States v. Tablack*, Case No. 19–00374, 2022 WL 37428, at *2 (D.N.J. Jan. 4, 2022) (referring to a motion filed more than a month after the relevant order); *see also Batista v. United States*, 377 F. App'x 145, 147 (3d Cir. 2010) (affirming denial of a motion for reconsideration on the basis that it was untimely).

12. I find that an extension to the 14-day deadline would be inappropriate due to a second procedural defect in defendant's request. Defendant's original motion for judgment of acquittal and Judge Kugler's decision were premised on an alleged insufficiency of evidence. (Dec. 4, 2023 Trial Tr. pp. 1375:17 to 1376:14, Dec. 5, 2023 Trial Tr. p. 1585:4–8.) Defendant's proposed motion seeks reconsideration based on the sufficiency of the indictment, jury instructions, and the government's summation. (Def.'s Letter pp. 4–6.) "[A] motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the court decided the original decision." *United States v. Lambert*, Case No. 18–00500, 2023 WL 5050161, at *2 (D.N.J. Aug. 8, 2023). A judge may only overlook facts and legal arguments that were presented at the time of the original motion and "[t]herefore, courts have rejected moving parties' efforts to expand the reconsideration motion to include matters that were not presented before the court in the original motion, but were submitted after the motion has been decided." *Gaines v. Busnardo*, Case No. 13–06566, 2015 WL 5771233, at *7 (D.N.J. Sept. 30, 2015).

13. Here, defendant seeks an extension to present arguments that were never made to Judge Kugler and thus did not serve as the basis for the original motion denial. Though the government raised this point in its opposition letter (Gov't.'s Opp'n Letter p. 4), defendant did not address it in his reply (Def.'s

Reply Letter).  Because a motion for reconsideration is an inappropriate vehicle for relief for this independent reason, I conclude that an extension is unwarranted.

Accordingly,

**IT IS** on this **26th** day of **August 2024** **ORDERED** that:

1.    Defendant's letter (ECF No. 136), which the Court interprets as a request to extend the deadlines to file a motion to dismiss the indictment and a motion for reconsideration, is DENIED.

_/s/ Edward S. Kiel_____
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**